AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF <u>OREGON</u>

UNITED STATES OF AMERICA

v.   FILED'08 AUG 18 10:50 USDC-ORP   **CRIMINAL COMPLAINT**

**WINDY N. HARVEY**

CASE NUMBER: _08' MJ480_

Defendant.

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___**August 15, 2008**___ in the District of ___**Oregon**___ on the Warm Springs Indian Reservation, within Indian Country, within the special maritime and territorial jurisdiction of the United States, and within the District of Oregon, Windy N. Harvey, an Indian Male, did, with malice aforethought, unlawfully kill Warren Wallulatum Jr., an Indian Male, in violation of Title ___**18**___ United States Code, Section(s) __**1111 and 1153**__.

I further state that I am a(n) **Special Agent with the FBI** and that this complaint is based on the following facts:
<br>Official Title

**See Attached Affidavit hereby incorporated by reference as if fully restated herein.**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Leonard Opanashuk
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

__**August 15, 2008**__   at   **Portland, Oregon**
Date                                    City and State

__**Paul Papak, United States Magistrate Judge**__   _____
Name & Title of Judicial Officer           Signature of Judicial Officer

| | | |
|---|---|---|
| STATE OF OREGON | ) | AFFIDAVIT IN SUPPORT OF |
| | ) ss. | COMPLAINT |
| In the County of Multnomah | ) | |

I, Leonard Opanashuk, being duly sworn, depose and state as follows:

## My Background

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed for over seven years. I am currently stationed at the Portland, Oregon FBI Office, where I am assigned to investigate violent crimes, such as Murder, and other violations of federal law.

2. This affidavit is submitted in support of a criminal complaint against Windy N. Harvey, charging him with violations of Title 18 United States Code, Sections 1111 (Murder in the Second Degree) and 1153 (Offenses committed within Indian Country).

3. I have personally reviewed reports and have spoken with other investigators who have been involved in the investigation, including SA Clayton Smith (a 20 year veteran of the FBI), Supervisory SA Stan Suenaga of the FBI Bend Resident Agency office, as well as members of the Portland FBI Evidence Response Team, who are all involved in a joint investigation with the Warm Springs Tribal Police Department involving the shooting death of Warren D. Wallulatum Jr. by Windy N. Harvey, which occurred on the Warm Springs Indian Reservation. As a result, I have become aware of the following:

4. On August 15, 2008, at approximately 12:39 a.m., the Warm Springs Police Officer Carl Tewee Sr. responded to a complaint concerning a shooting at the residence of 1797 Tao Shuh Street, on the Warm Springs Indian Reservation, in the District of Oregon. Upon

arrival at the residence, Officer Tewee and Detectives determined that Warren Wallulatum was deceased at the scene and he had two gunshot wounds, one to the head and one to the chest.

5. On August 15, 2008, Detective Gary Samuel and Special Agent (SA) Clayton Smith interviewed witness Julie Stywer and she provided the following information: Stywer indicated that during the late evening of August 14, 2008, she was outside the residence at 1796A Tao Shuh Street, Warm Springs, Oregon, when she saw Warren Wallulatum and Levi Last Name Unknown (LNU) walk by the street and they asked her if she would like to "kick it" (party) with them at the home at 1797 Tao Shuh Street and she agreed.

6. When Julie Stywer arrived at the residence of 1797 Tao Shuh, the following individuals were inside the residence, herself, Windy Harvey, Wamblee Wallulatum, Warren Wallulatum, and Levi LNU. Once the party began, Levi LNU and Warren Wallulatum sat on a couch in the living room, that was adjacent to a television and faced toward the front of the house and viewed the front picture window. Directly behind the couch was the dining area. Windy Harvey sat on a wood stool in the living room in front of the picture window and faced directly across from Warren Wallulatum on the couch. Julia Stywer and Wamblee Wallulatum sat on a second couch in front of the picture window and was next to the stool that Windy Harvey sat on. The second couch faced toward Warren Wallulatum and had views of the dining area and a wood stove sitting on a brick hearth.

7. Julie Stywer indicated that Warren Wallulatum and Windy Harvey had been drinking alcohol and may have been playing video games on the television. Julie Stywer recalled that Warren Wallulatum and Windy Harvey began to argue about a girlfriend that they both dated named Rolanda Williams, also known as Ippy. Julie Stywer could not recall what the argument

was about; however, it lasted for only a short time period.

8. According to Julie Stywer, shortly after the argument started, Windy Harvey, pulled a black pistol from his pants, pointed the gun at Warren Wallulatum and fire two or three rounds directly at him while he was sitting on the couch. After being hit by the bullets, Warren Wallulatum fell off the couch and collapsed onto the living room floor. Immediately after the shooting, Windy Harvey ran out of the front door of the house.

9. Detective Gary Samuel showed Julie Stywer a photograph of an Indian Male and she identified the person in the photo as Windy Harvey, the person that shot Warren Wallulatum.

10. On August 15, 2008, Detective Gary Samuel interviewed witness Wamblee Wallulatum and he provided the following information: Wamblee advised that on or about August 14, 2008, he, Warren Wallulatum, Levi Jim, Windy Harvey, and a 19-year-old woman were in the living room of a residence at 1797 Tao Shuh, on the Warm Springs Indian Reservation, in the District of Oregon. Warren Wallulatum and Windy Harvey had been drinking a few beers, named Hurricane, and they were sitting near the television in the living room. Windy Harvey was sitting on a chair across from Warren Wallulatum, who was sitting on a couch. They were facing each other and approximately six feet from each other.

11. According to Wamblee Wallulatum, Windy Harvey and Warren Wallulatum began to argue about a girl. He recalled that Warren Wallulatum told Windy Harvey, "Get the gun out of my face." Wamblee Wallulatum said that Windy Harvey had a black pistol and he started pulling the trigger and there were two fast shots. Wamblee Wallulatum said that Warren Wallulatum was shot while he was sitting on the couch and he tried to get up and move toward

Windy Harvey but he fell to the floor.

12. Wamblee Wallulatum stated that Windy Harvey pointed the pistol at him, Levy Jim and the 19-year-old girl and said, "You better not narc off" and then he ran out of the residence through the front door.

13. Detective Gary Samuel showed Wamblee Wallulatum a photograph of an Indian Male and he identified the person in the photo as Windy Harvey, the same person that he saw shoot Warren Wallulatum.

14. On August 15, 2008, Detective Gary Samuel obtained consent from the tenants of the resident at 1797 Tao Shuh, Warm Springs, Oregon, to enter the residence to process the crime scene. Detectives Gary Samuel and Samuel Williams along with SA Clayton Smith processed the crime scene and found one .40 caliber shell casing on the top seat cushion of the second couch, which was adjacent to the wood stool that Windy Harvey sat on in the living room. A second .40 caliber shell casing was found on the brick hearth, which was directly in front of the second couch.

15. Windy N. Harvey is an American Indian and a member of the Warm Springs Indian Reservation with enrollment number 2984. Warren Wallulatum is also an American Indian and a member of the Warm Springs Indian Reservation with enrollment number 3054.

16. Wherefore your affiant believes that the above facts detail sufficient probable cause to arrest and charge Windy N. Harvey for Murder in the Second Degree in violation of Title 18, United States Code, Sections 1111 and 1153.

///

///

17. SA Smith has discussed the affidavit in support of a criminal complaint in this case with Assistant United States Attorney Scott Kerin. I have been informed by AUSA Kerin that, in his opinion, the arrest warrant and affidavit are legally and factually sound and recite sufficient probable cause.

_____
Leonard Opanashuk
Special Agent, FBI

SUBSCRIBED and SWORN to before me this 15th day of August 2008.

_____
Paul Papak
UNITED STATES MAGISTRATE JUDGE