DWIGHT C. HOLTON, OSB 09054
United States Attorney
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
**CRAIG J. GABRIEL, OSB 012571**
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000
Craig.Gabriel@usdoj.gov
Scott.Kerin@usdoj.gov
        Of Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-405-KI |
| v. | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL EVIDENCE OF VICTIM'S PRIOR "BAD" ACTS |
| WINDY N. HARVEY, | |
| Defendant. | |

The United States of America, through Dwight C. Holton, United States Attorney for the

District of Oregon, and Scott M. Kerin and Craig J. Gabriel, Assistant United States Attorneys,

hereby moves the court *in limine* for an order excluding irrelevant and unfairly prejudicial

evidence of the victim's prior "bad" acts in this case.

## I.        INTRODUCTION

In the early morning hours of August 15, 2008, defendant Windy Harvey was sitting in

the living room of a home on the Warm Springs Indian Reservation with Warren Dean

Wallulatum, Jr., and three other individuals.  At one point, defendant Harvey became angry about

something Mr. Wallulatum said about a girl Mr. Harvey was dating, so Mr. Harvey pulled a .40 caliber pistol out of his waistband and fired two shots at Mr. Wallulatum while Mr. Wallulatum was seated on a couch. The defense has notified the government that it intends to argue that defendant Harvey acted in self-defense. The defense has also informed the government that defendant Harvey intends to testify at trial. As part of defendant's own testimony in support of his self-defense theory, the defendant will testify about specific prior violent acts committed by Mr. Wallulatum. The Ninth Circuit generally allows a defendant who is relying on a self-defense theory to testify about the prior violent acts of the victim, so the government has no objection to such testimony. However, the government moves *in limine* to exclude testimony and evidence related to the victim's prior violent acts that are irrelevant or unfairly prejudicial. Specifically, the government seeks the following pretrial rulings:

(1)     Defendant's testimony (and the defense case) regarding the victim's prior violent acts should be limited to only those prior incidents of which the defendant was aware on August 15, 2008, at the time of the shooting;

(2)     Defendant's testimony regarding the victim's prior violent acts should be limited to violent crimes, and should not include non-violent crimes, property or drug crimes, or other "bad" acts of the victim that do not relate to his prior violence; and

(3)     After defendant testifies about his knowledge of specific prior violent acts of the victim, if the government concedes that such prior violent acts were actually

committed by the victim, then the defense should be prevented from introducing

any extrinsic evidence of those prior violent acts committed by the victim.

## II.    LEGAL ARGUMENT

The issue of self-defense centers on the defendant's state of mind at the time he used

force.  The Ninth Circuit Model Criminal Jury Instruction on Self-Defense provides:

> The defendant has offered evidence of having acted in self-defense.  Use of
> force is justified when a person reasonably believes that it is necessary for the
> defense of oneself or another against the immediate use of unlawful force.
> However, a person must use no more force that appears reasonably necessary
> under the circumstances.
>
> Force likely to cause death or great bodily harm is justified in self-defense
> only if a person reasonably believes that such force is necessary to prevent
> death or great bodily harm.
>
> The government must prove beyond a reasonable doubt that the defendant did
> not act in reasonable self-defense.

Ninth Circuit Model Jury Instruction 6.8 (2010).

### 1.    The Defense Case Should Be Limited to the Prior Acts the Defendant Was Aware of at the Time of the Shooting

Under Ninth Circuit precedent, "a defendant claiming self defense may show his own

state of mind by testifying that he knew of the victim's prior acts of violence."  *United States v.*

*Saenz*, 179 F.3d 686, 689 (9th Cir. 1999).  Conversely, if the defendant was unaware of the

victim's prior acts of violence at the time of the use of force (*i.e.*, the homicide on August 15,

2008), those prior violent acts are not relevant to defendant's state of mind and should therefore

be excluded from trial.

In addition to evidence related to the defendant's state of mind, the defense may introduce

character evidence related to the victim's propensity toward violence, but such character

evidence – if unknown to the defendant – must be limited to opinion and reputation evidence and cannot include specific instances of prior bad acts of the victim.  As the Ninth Circuit explained in *United States v. Keiser*, 57 F.3d 847, 855 (9th Cir. 1995), "[u]nder the Federal Rules of Evidence, only reputation or opinion evidence is proper to show that the victim of an assault had a propensity toward violence."  *See also* FRE 405(a).

2. **The Defense Should Be Prevented From Introducing Prior "Bad" Acts of the Victim that are Unrelated to Violence**

As stated above, the defendant's knowledge of the victim's prior violent acts are relevant to his claim of self-defense.  However, the government moves to exclude any prior "bad" acts of the victim that do not involve violence, as such acts would be irrelevant to a self-defense theory. In pretrial meetings, defense counsel has informed the government that it would only seek to introduce evidence related to the victim's prior violent acts, and that the defense would not be introducing evidence of any prior non-violent acts of the victim.  To date, however, the defense has refused to identify which prior acts of the victim about which they intend to elicit testimony.

Because the victim had a long criminal history, the government further moves the court to order the defense to identify which prior violent acts of the victim it intends to introduce at trial. Addressing these prior violent acts in pretrial proceedings and outside the presence of the jury will avoid unnecessary delays for the court to make evidentiary rulings in the middle of a witness's testimony.

3. **The Court Should Exclude Certain Extrinsic Evidence Regarding the Victim's Prior Violent Acts**

When claiming self-defense, after a defendant testifies about his knowledge of the victim's prior violent acts, the defense is generally permitted to admit extrinsic evidence about

those prior violent acts. *United States v. James*, 169 F.3d 1210, 1214-15 (9ᵗʰ Cir. 1999) ("The records [related to the victim's prior violent acts] corroborated [defendant's] testimony, and the records corroborated her reason to fear. . . . The records were admissible as relevant under Federal Rules of Evidence. 404(b)."). The government recognizes the defendant's right in a self-defense case to seek to corroborate his testimony about his knowledge of the victim's prior violent acts. In the present case, when Mr. Harvey testifies about certain prior violent acts of the victim, the government expects to concede that the victim did, indeed, commit those prior violent acts. Such a concession from the government sufficiently corroborates the defendant's testimony regarding his state of mind relating to the victim's prior violent acts, so any further extrinsic evidence would be unnecessary.

*James* holds that the introduction of extrinsic evidence of the victim's prior violent acts is relevant to show the defendant's state of mind, not the character of the victim. *See* 169 F.3d at 1215 ("The records went to [defendant's] credibility not [the victim's] character."). Therefore, if the government concedes that the victim actually committed the prior violent acts that the defendant testifies he was aware of at the time of the homicide, defendant's state of mind on this point will not be challenged and extrinsic evidence on the point would be irrelevant.

Furthermore, after the government's concession, any introduction of extrinsic evidence about the victim's previous violent acts would present the danger of unfair prejudice, confusion of the issues, and misleading the jury under FRE 403. As noted in *James*, extrinsic evidence about the victim's prior violent acts is relevant to the defendant's state of mind, not the character of the victim.

If the defense were allowed to present extrinsic evidence that the victim committed prior violent acts, even though the government conceded that they happened, the jury could become confused that the primary issue in the case was the victim's violent nature, instead of properly focusing on the defendant's state of mind.  Moreover, the presentation of unnecessary extrinsic evidence of the victim's prior violent acts carries the danger of inappropriately inflaming the passions of the jury about the "bad" character of the victim.  Finally, presenting such extrinsic evidence would cause undue delay, a waste of time, and the needless presentation of cumulative evidence under FRE 403.  The government's case in chief – from jury selection, to opening statements, to witness examinations, to the government resting – should take three days or less.  The defendant is then expected to testify in the defense's case-in-chief.  To subsequently allow the defense to introduce exhibits or call numerous witnesses about prior violent acts of the victim, which the government does not dispute, would unnecessarily prolong the trial and confuse the issues to be decided by the jury.

The government therefore moves *in limine* for an order excluding extrinsic evidence about any prior violent acts of the victim, if the government concedes that such prior violent acts actually happened.

////


////


////


PAGE 6  —  GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND
            UNFAIRLY PREJUDICIAL EVIDENCE OF VICTIM'S PRIOR "BAD" ACTS

**III.    CONCLUSION**

For the forgoing reasons, the government respectfully requests that its motion *in limine* to

exclude irrelevant and unfairly prejudicial evidence of the victim's prior "bad" acts be granted.

DATED this 15th day of August, 2011.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney

*/s/ Scott M. Kerin*
SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney
CRAIG J. GABRIEL, OSB # 012571
Assistant United States Attorney