DWIGHT C. HOLTON, OSB 09054
United States Attorney
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
**CRAIG J. GABRIEL, OSB 012571**
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
(503) 727-1000
Craig.Gabriel@usdoj.gov
Scott.Kerin@usdoj.gov
    Of Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 08-405-KI |
| v. | **GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT CROSS-EXAMINATION OF GOVERNMENT WITNESSES** |
| **WINDY N. HARVEY,** | |
| Defendant. | |

  The United States of America, through Dwight C. Holton, United States Attorney for the District of Oregon, and Scott M. Kerin and Craig J. Gabriel, Assistant United States Attorneys, hereby moves the court *in limine* for an order excluding irrelevant cross-examination of government witnesses.  Specifically, this motion seeks to exclude irrelevant and inadmissible evidence related to (1) a witness who previously cooperated with the government in a separate case, but is receiving no benefit from the government for testifying in Mr. Harvey's case, and (2) witnesses who have criminal histories in Warm Springs tribal court.

/ / / /

I.    LEGAL ARGUMENT

    A.    Evidence of a Witness's Cooperation in a Previous Case is Inadmissible

        1.    L.T.T.

In its case-in-chief, the government intends to call two witnesses who spent time in custody with Mr. Harvey while Mr. Harvey was awaiting trial in the present case. The two witnesses will testify that Mr. Harvey independently made statements to them admitting that he shot and killed the victim in this case and, further, that the shooting was not in self-defense. One of these witnesses, L.L.T., was serving time in custody while awaiting trial on federal sex-trafficking charges. The government and L.L.T. have not yet entered into a plea agreement in his case. However, it is anticipated that such an agreement will be reached soon and that L.L.T. will testify on behalf of the government at Mr. Harvey's trial in exchange for the government recommending a reduction in L.L.T.'s sentence for substantial assistance under USSG § 5K1.1. The government acknowledges, of course, that the defense is free to cross-examine L.L.T. about the benefits he will be receiving under his plea agreement, so that the defense can attempt to persuade the jury that L.L.T.'s testimony is biased by his self-interest in receiving a lower sentence in his pending criminal case.

        2.    F.V.T.

Besides L.L.T., the government will also call F.V.T. as a witness in the government's case-in-chief. Similar to L.L.T., F.V.T. will testify that Mr. Harvey made incriminating statements to him about the homicide in this case while Mr. Harvey and F.V.T. were in custody together. However, by the time F.V.T. met Mr. Harvey in custody, F.V.T. had already been

sentenced in his underlying criminal case, which involved drug and firearm charges. F.V.T. will therefore not receive any benefit from the government – under USSG § 5K1.1 or FRCrP 35 – for testifying at Mr. Harvey's trial. In short, F.V.T. is testifying at Mr. Harvey's trial because he is obligated to do so by subpoena.

In F.V.T.'s underlying federal criminal case, he substantially assisted the government with the investigation and prosecution of others who were involved in criminal drug activity. In exchange for F.V.T's cooperation, at F.V.T's sentencing hearing, the government recommended a sentence significantly below the advisory guideline range. Judge Aiken ultimately sentenced F.V.T. to a term of custody even shorter than the one recommended by the government. After the conclusion of F.V.T.'s case, and while he was in custody at FCI Sheridan serving his sentence imposed by Judge Aiken, Mr. Harvey spoke to F.V.T. about the homicide in the present case. F.V.T. then contacted federal authorities and told them about the statements Mr. Harvey had made to him. Again, F.V.T. is receiving no benefit from the government in exchange for his testimony in this case.

The defense has indicated that they may seek to impeach F.V.T. based on the *previous* substantial assistance he provided against other defendants before F.V.T. even met Mr. Harvey. Under FRE 401, such cooperation in prior cases is irrelevant in Mr. Harvey's case. As F.V.T. is not receiving any benefit from the government for testifying in Mr. Harvey's case, F.V.T.'s prior cooperation has no bearing on his credibility in this case. Even if the court were to believe that F.V.T.'s previous cooperation is marginally relevant to this case, the government contends that any such relevance is tenuous, at best, and under FRE 403 it is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, and misleading the jury.  The government therefore moves to exclude from Mr. Harvey's trial any evidence of F.V.T's previous cooperation.

### 3. Federal Rule of Evidence 609

Both L.T.T. and F.V.T. have previous criminal records.  Within the limits of FRE 609, the government agrees that the witnesses may be impeached by evidence of conviction of crimes.

### B. Warm Springs Tribal Convictions

The government intends to call two witnesses, L.V. and J.S., who were eye witnesses to Mr. Harvey shooting and killing the victim in this case.  Both L.V. and J.S. have had contact with the Warm Springs Police Department and Warm Springs Tribal Court.  The government moves *in limine* for the court to order the defense to advise the government if defense counsel intends to impeach either L.V. or J.S. with their tribal criminal history.  The government believes such issues are best resolved in advance of trial and out of the presence of the jury.  The need to address this issue in pretrial proceedings is especially pertinent in this case, as FRE 609(a) may not apply to tribal convictions.  Additionally, L.V. was only 14 years old when he witnessed Mr. Harvey kill the victim in this case.  At this time, L.V. is still only 17 years old, and "[e]vidence of juvenile adjudications is generally not admissible under this rule."  *See* FRE 609(d).

## II. CONCLUSION

For the foregoing reasons, the government respectfully requests that the court grant this motion *in limine* to exclude irrelevant cross-examination of government witnesses.  Specifically,

the government moves the court to (1) exclude evidence of F.V.T's previous cooperation, and (2) order the defense to identify any tribal convictions or arrests they intend to use to impeach L.V. or J.S.

DATED this 15th day of August, 2011.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney


*/s/ Scott M. Kerin*
SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney
CRAIG J. GABRIEL, OSB # 012571
Assistant United States Attorney

PAGE 5   —   GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT CROSS-
EXAMINATION OF GOVERNMENT WITNESSES