Robert W. Reid, LLC
OSB # 81434
breid@ipns.com
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
tel: (503) 223-7786
fax: (503) 227-2477

Lynne B. Morgan
OSB # 89099
lbmorgan@worldnet.att.net
121 SW Salmon St. Ste. 1420
Portland, Oregon 97204
tel: (503) 222-0568
fax: (503) 222-6303

Attorneys For Defendant WINDY N. HARVEY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-405 KI |
| Plaintiff, | **DEFENDANT HARVEY'S TRIAL MEMORANDUM** |
| vs. | |
| WINDY N. HARVEY, | |
| Defendant. | |

COMES NOW Defendant Windy N. Harvey, through the undersigned

attorney, and hereby submits this Trial Memorandum setting forth what he expects

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 1 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

the issues in this case will be, and the specific ways in which the evidence to be

offered by the Defendant is supported by statutory and case law.

# TABLE OF CONTENTS

## I – GENERAL CASE STATUS

**(A) SELF-DEFENSE HAS BEEN RAISED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

**(B) DISCOVERY TO GOVERNMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

## II – GROUNDS FOR ADMISSIBILITY OF EVIDENCE TO BE OFFERED BY THE DEFENSE – GENERAL OVERVIEW

**A.  REPUTATION/OPINION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**B.  STATE OF MIND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**C.  F.R.E. 404(B)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**D.  EFFORTS TO REASONABLY LIMIT EVIDENCE** . . . . . . . . . . . . . . . . . . . . . . . . **11**

## III – REPUTATION AND OPINION EVIDENCE IS ALLOWED TO PROVE THE CHARACTER OF THE DECEASED

**(A) REPUTATION OR OPINION EVIDENCE MAY BE USED
TO SHOW THAT THE DECEASED POSSESSED A PERTINENT
CHARACTER TRAIT, AND THAT HE ACTED IN CONFORMITY
WITH THAT CHARACTER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

**(B) THIS IS NOT A *MERE* EVIDENTIARY QUESTION; USE OF
CHARACTER EVIDENCE IS CENTRAL TO SELF-DEFENSE** . . . . . . . . . . . . . . . . . **13**

**(C)  THE DEFENDANT'S KNOWLEDGE OF THE PERTINENT
TRAIT OF CHARACTER NEED NOT BE SHOWN; REPUTATION
IS SUFFICIENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

**(D)  PREJUDICE UNDER F.R.E. 403 IS NOT AN IMPORTANT
FACTOR WHEN REPUTATION PERTAINS NEITHER TO
DEFENDANT NOR A WITNESS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

## IV – EXACTLY WHAT CHARACTER TRAITS MAY BE PROVEN  BY REPUTATION or OPINION EVIDENCE?

(A) NOT LIMITED TO SHOWING VIOLENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

(B) EXAMPLES OF PERMISSIBLE TRAITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## V – STATE OF MIND EVIDENCE MAY INCLUDE SPECIFIC ACTS

(A)  INADMISSIBLE TO PROVE CHARACTER ALONE . . . . . . . . . . . . . . . . . . . . . . . 19

(B)  SPECIFIC ACTS *ARE* ADMISSIBLE TO SHOW DEFENDANT'S STATE OF MIND, IN SELF-DEFENSE CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

(C)  THE RIGHT TO OFFER EVIDENCE OF THE DECEASED'S PRIOR ACTS TO PROVE THE STATE OF MIND OF THE DEFENDANT IS CONSTITUTIONAL AND FUNDAMENTAL . . . . . . . . . . . . . . . . . . 20

(D)  THE DEFENDANT MUST HAVE SOME KNOWLEDGE OF THE PRIOR ACT AT THE TIME OF THE COMMISSION OF THE SHOOTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

(E)  BUT THE DEFENDANT'S KNOWLEDGE OF THE ACTS MAY BE ANY METHOD, FIRST-HAND OR OTHERWISE . . . . . . . . . . . . . . . . . . . . 21

(F)  DEFENDANT'S UNDERSTANDING OF THE PRIOR ACTS NEED NOT BE DETAILED OR EXACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

(G)  THE SPECIFIC ACTS OFFERED MAY BE RELEVANT EVEN IF NOT WHAT THE DEFENDANT FEARED WOULD HAPPEN . . . . . . . . . . . . . . 22

(H)  REMOTENESS OF THE PRIOR ACT IS NOT GROUNDS FOR ITS EXCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## VI – STATE OF MIND EVIDENCE -- EXTRINSIC EVIDENCE IS ALLOWED

(A) EXTRINSIC EVIDENCE MAY BE OFFERED TO CORROBORATE DEFENDANT'S TESTIMONY ABOUT PRIOR ACTS AND HIS FEAR OF THE DECEASED AT THE TIME OF THE SHOOTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

(B)  EXTRINSIC EVIDENCE IS ALSO ADMISSIBLE TO BOLSTER THE DEFENDANT'S CREDIBILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**(C)  EXTRINSIC EVIDENCE IS NOT SUBJECT TO ATTACK
FOR BEING BIASED OR SELF-INTERESTED, AS IS DEFENDANT'S
OWN TESTIMONY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**(D)  THE DEFENDANT NEED NOT HAVE SEEN, OR EVEN KNOWN
OF, THE CORROBORATIVE RECORDS AT THE TIME HE ACTED** . . . . . . . . . . . 26

**(E)  F.R.E. 403 BALANCING TEST NOT APPLICABLE WHERE
DEFENDANT'S CREDIBILITY -- AS OPPOSED TO VICTIM'S
CHARACTER -- IS IN ISSUE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**(F)  THE EXTRINSIC EVIDENCE NEED NOT ESTABLISH ACTS
IN ALL RESPECTS IDENTICAL TO THE TESTIMONY OF
THE DEFENDANT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## VII – STATE OF MIND EVIDENCE ALSO INCLUDES "GOOD" ACTS BY THE DEFENDANT, IF PROBATIVE

**(A) F.R.E. 404(b) IS NOT CONFINED ONLY TO "BAD" ACTS** . . . . . . . . . . . . . . . . . 28

**(B)  SPECIFIC ACTS TO ESTABLISH DEFENDANT'S STATE OF
MIND DO NOT CONTRAVENE F.R.E. 404(b)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## VIII – F.R.E. 404(B) EVIDENCE -- GENERALLY APPLICABLE PRINCIPLES

**(A)  THE RULE ITSELF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**(B) WHAT IS** *NOT* **404(b) EVIDENCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**(C)  RULE OF INCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**(D) F.R.E. 404(b) - THE "FOUR PART TEST"** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

> **(1) POINT #1:  Proof of a Material Point** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

> **(2)  POINT #2:  Not Too Remote** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

> **(3)  POINT #3: Evidence Sufficient to Support Finding
>  that Act Was Committed** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

> **(4)  POINT #4:  Similarity Where Knowledge or Intent are at Issue** . . . . . . . . . . . 32

## IX –  SPECIFIC ACT EVIDENCE SHOWING THE DECEASED'S GANG MEMBERSHIP, GANG TENETS, AND GANG ACTIVITY IS ADMISSIBLE

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

(A)  INTRODUCTION: WHY GANG MEMBERSHIP, GANG TENETS,
AND THE DECEASED'S GANG ACTIVITY IS RELEVANT . . . . . . . . . . . . . . . . . . . . . 33

(B)  SPECIFIC ACTS ADMISSIBLE TO CORROBORATE
THE DEFENDANT'S STATE OF MIND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

(C)  ACTIONS OF OTHER MEN PRESENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

(D)  BIAS OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

(E)  CONTINUITY OF ACTIONS, MOTIVE, DESIGN, PLAN  . . . . . . . . . . . . . . . . . . 37

## X – SPECIFIC INSTANCES OF THE DECEASED'S USE AND POSSESSION OF WEAPONS IS ADMISSIBLE

(A) INTRODUCTION: WHY EVIDENCE OF THE DECEASED'S
USE AND POSSESSION OF WEAPONS IS ADMISSIBLE . . . . . . . . . . . . . . . . . . . . . . 38

(B) EVIDENCE THAT THE DEFENDANT KNEW THE
DECEASED WAS VIRTUALLY ALWAYS ARMED IS PROBATIVE
OF THE STATE OF MIND OF THE DEFENDANT  . . . . . . . . . . . . . . . . . . . . . . . . . . 38

(C)  CORROBORATION OF TESTIMONY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

(D)  CONTINUING PATTERN OR SCHEME OF BEHAVIOR  . . . . . . . . . . . . . . . . . 39

(E)  REMOTENESS NOT A FACTOR WHEN CONTINUING
PATTERN OR ONGOING ACTIVITY IS AT ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . 39

(F)  HABIT EVIDENCE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

## XI –  SPECIFIC INSTANCES OF THE DECEASED'S USE AND SALE OF METHAMPHETAMINE IS ADMISSIBLE

(A) FACTUAL BACKGROUND AND RELEVANCE OF EVIDENCE
OF THE DECEASED'S USE AND SALE OF METHAMPHETAMINE . . . . . . . . . . . 40

(B) EVIDENCE THAT THE DEFENDANT KNEW THE DECEASED
OFTEN USED METHAMPHETAMINE, AND WAS INVOLVED IN
THE METHAMPHETAMINE TRADE, IS PROBATIVE OF THE
DEFENDANT'S STATE OF MIND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

(C)  CORROBORATION OF TESTIMONY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*ROBERT W. REID, LLC*
Attorney at Law
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

(D)  SPECIFIC ACT EVIDENCE ADMISSIBLE TO "COMPLETE
THE PICTURE" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

(E)  THE EVIDENCE NEED NOT BE CONCLUSIVE, AS LONG AS
IT HAS SOME TENDENCY TO PROVE AN ISSUE IN DISPUTE . . . . . . . . . . . . . . . 43

(F) PREJUDICE IS NOT A SIGNIFICANT FACTOR WHERE PRIOR
ACTS ARE THOSE OF NEITHER DEFENDANT NOR WITNESS . . . . . . . . . . . . . . 43

## XII – SPECIFIC INSTANCES OF THE DECEASED JOINING WITH OTHERS TO FIGHT AN OUT-NUMBERED VICTIM IS ADMISSIBLE

(A) RELEVANCE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

(B)  REPUTATION EVIDENCE ON THIS POINT PERMISSIBLE . . . . . . . . . . . . . . 44

(C)  SPECIFIC ACT EVIDENCE ADMISSIBLE TO CORROBORATE
DEFENDANT'S UNDERSTANDING AND BOLSTER CREDIBILITY . . . . . . . . . . . 45

(D)  SPECIFIC ACT EVIDENCE ADMISSIBLE TO SHOW COURSE
OR PATTERN OF CONDUCT, EVEN IF NOT KNOWN TO DEFENDANT  . . . . . . 45

## XIII – SPECIFIC ACT EVIDENCE SHOWING INVOLVEMENT OF DECEASED WITH LEVI J. AND WITH WAMBLEE W. DURING VIOLENT ACTIVITIES, IS ADMISSIBLE

(A) INTRODUCTION AS TO FACTUAL BACKGROUND AND
RELEVANCE OF DECEASED'S INVOLVEMENT WITH LEVI
JIM, AND WITH WAMBLEE WALLULATUM, DURING
VIOLENT ACTIVITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

(B) EXTRINSIC EVIDENCE TO CORROBORATE DEFENDANT'S
TESTIMONY, TO CORROBORATE HIS STATE OF MIND, OR
TO BOLSTER HIS CREDIBILITY IS ADMISSIBLE . . . . . . . . . . . . . . . . . . . . . . . . . 47

(C)  THE EVIDENCE GOES TO THE DEFENDANT'S CREDIBILITY,
NOT CHARACTER OF VICTIM OR WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . 47

(D) EVIDENCE OF THE WITNESSES PRIOR ASSOCIATIONS
WITH THE DECEASED ARE PROBATIVE OF BIAS, WHICH IS
NOT SUBJECT TO A F.R.E. 404(b) ANALYSIS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

(E) EXTRINSIC EVIDENCE OF BIAS IS PERMISSIBLE,
AND DOES NOT TRANSGRESS F.R.E. 608(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 6 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

**(F)  THE SPECIFIC INSTANCES OF CONDUCT ARE RELEVANT
TO EXPLAIN THE RELATIONSHIP OF THE DECEASED AND
OTHERS PRESENT AT THE SHOOTING** ................................. 48

**(G)  THE OFFERED EVIDENCE IS RELEVANT TO PROVIDE
A "TOTAL PICTURE" OF THE CRIME** ...................................... 49

**(H) F.R.E. PERMITS RELEVANT ACTS OF THIRD PARTIES
(LEVI JIM AND WAMBLEE WALLULATUM)** ................................ 50

## XIV-  SPECIFIC INSTANCES OF EVIDENCE THAT THE TRIBAL POLICE and/or TRIBAL COURT DID NOT PROTECT THE PUBLIC FROM THE DEPREDATIONS OF THE DECEASED ARE ADMISSIBLE

**(A) INTRODUCTION AS TO FACTUAL BACKGROUND AND
RELEVANCE OF SPECIFIC INSTANCES IN WHICH THE
*TRIBAL POLICE* DID NOT PROTECT THE PUBLIC** ......................... 51

**(B) INTRODUCTION AS TO FACTUAL BACKGROUND AND
RELEVANCE OF SPECIFIC INSTANCES IN WHICH THE
*TRIBAL COURT* DID NOT ADEQUATELY SANCTION THE
DECEASED FOR HIS REPEATED CRIMINAL BEHAVIOR,
OR DID NOT OTHERWISE PROTECT THE PUBLIC** ......................... 52

**(C) BOTH REPUTATION AND SPECIFIC ACT EVIDENCE
IS ADMISSIBLE TO SHOW WHAT THE DEFENDANT
KNEW AT THE TIME OF THE SHOOTING, INDEPENDENTLY
OF F.R.E. 404(b)** ........................................................ 52

**(D) F.R.E. 404(b) PERMITS THIS EVIDENCE AS NON-CHARACTER
EVIDENCE TO ESTABLISH CRIMINAL INTENT** ........................... 53

**(E) F.R.E. 404(b) PERMITS THIS EVIDENCE AS NON-CHARACTER
EVIDENCE TO ESTABLISH THE CONTEXT AND "WHOLE STORY"
OF THE SHOOTING** ...................................................... 53

## XV – EVIDENCE OF THE DECEASED'S BOASTS AS TO IMMUNITY OR INVULNERABILITY TO THE CONSEQUENCES OF HIS CRIMINAL ACTS IS ADMISSIBLE

**(A) NATURE AND RELEVANCE OF EVIDENCE OF
DECEASED'S BOASTS** ..................................................... 54

**(B) THE HEARSAY EXCEPTION: STATE OF MIND
OF DECLARANT** .......................................................... 54

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

(C) NON-HEARSAY ISSUES: CORROBORATION OF
DEFENDANT'S BELIEF AT TIME OF SHOOTING . . . . . . . . . . . . . . . . . . . . . . . . . . 55

(D)  NON-HEARSAY ISSUES:  CORROBORATION OF
OTHER DEFENSE- SUPPORTIVE POINTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

## XVI – EVIDENCE OF THE DECEASED'S THREATS TO VULNERABLE THIRD PARTIES, TO FURTHER HIS CRIMINAL OBJECTIVES, IS ADMISSIBLE

(A) RELEVANCE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

(B)  REPUTATION EVIDENCE AND CORROBORATIVE USE
OF SPECIFIC INSTANCES NOT HERE AT ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . 58

(C)  THIS IS NOT PURE "CHARACTER" OR "PROPENSITY"
EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

(D) MOTIVE, DESIGN AND COURSE OR PATTERN OF
CONDUCT ARE PERMISSIBLE GROUNDS FOR SPECIFIC
INSTANCE EVIDENCE UNDER F.R.E. 404(b), EVEN IF SPECIFICS
OF OFFERED ACTS WERE NOT KNOWN TO DEFENDANT . . . . . . . . . . . . . . . . . 58

## XVII –  CRIMINAL CONVICTIONS OF THE DECEASED ARE ADMISSIBLE UNDER F.R.E. 404(b)

(A) SPECIFIC INSTANCE EVIDENCE MAY PROPERLY
INCLUDE CONVICTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

(B)  EXTRINSIC RECORDS OF THESE CONVICTIONS
ARE PERMISSIBLE TO CORROBORATE THE DEFENDANT'S
TESTIMONY ABOUT PRIOR ACTS AND HIS FEAR OF THE
DECEASED, AS WELL AS TO BOLSTER HIS CREDIBILITY . . . . . . . . . . . . . . . . . 60

## XVIII – ARRESTS, WITHOUT CONVICTION, ARE ADMISSIBLE UNDER SOME CIRCUMSTANCES

(A) ADMISSIBLE ON NON-CREDIBILITY ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

(B) ARRESTS MAY BE PART OF THE CONTEXT OF
REPUTATION EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

(C) ARRESTS MAY BE ADMITTED TO BOLSTER CREDIBILITY
OF A WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

## XIX – SPECIFIC INSTANCES OF CONDUCT
## TO IMPEACH ON A MATERIAL ISSUE
## ARE ADMISSIBLE

(A) INTRODUCTION: 404(b) DOES NOT PROHIBIT THE
USE OF SPECIFIC INSTANCE EVIDENCE TO IMPEACH
ON A MATERIAL ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

(B) IMPEACHMENT IS PERMISSIBLE USE OF SPECIFIC
ACT EVIDENCE UNDER F.R.E. 608(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

## XX – DEFENSE MAY PUT ON EVIDENCE
## OF GOOD CHARACTER; PROPER SCOPE
## OF GOVERNMENT RESPONSE

(A) THE DEFENDANT MAY PUT ON EVIDENCE OF HIS
GOOD CHARACTER WITHOUT WAITING FOR THE GOVERNMENT
TO ATTACK HIS CHARACTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

(B) ONCE THE DEFENDANT OFFERS EVIDENCE OF GOOD
CHARACTER, THE GOVERNMENT MAY THEN REBUT IT WITH
EVIDENCE OF BAD CHARACTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

(C) THE GOVERNMENT'S PROOF, ONCE CHARACTER IS
PUT IN ISSUE BY THE DEFENDANT, IS LIMITED TO
REPUTATION OR OPINION EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

(D) THE GOVERNMENT MAY NOT UTILIZE "GUILT-
ASSUMING" QUESTIONS IN CROSS-EXAMINATION OF
DEFENSE WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

# I --  GENERAL CASE STATUS

## (A) SELF-DEFENSE HAS BEEN RAISED

The defense filed a notice of self-defense on July 12, 2010.  The Defendant will

testify.

## (B) DISCOVERY TO GOVERNMENT

The defense has provided extensive discovery to the government.  On April 26, 2011, the defense provided approximately 4950 electronic documents to the government.  These included approximately 350 pages of court documents and 2300 pages of police records pertaining to persons of interest to the defense investigation, an additional estimated 2300 pages of police and court records pertaining to the deceased Warren Wallulatum, Jr., along with other miscellaneous recordings and photographs.  All but about 1200 pages of this material had already been in the possession of the government since on or before February 22, 2011, as the government intercepted materials subpoenaed from the tribal police.  On July 25, 2011, the defense mailed to the government a DVD with media files, most of which were photographs.

On August 5, 2011, the defense proposed a series of stipulations to the government with the intention of reducing litigation on matters not reasonably in dispute, and to avoid time-consuming testimony by multiple document custodians or other similar foundational witnesses.  The status of those proposed stipulations

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

should be determined by the date of the pretrial conference.

## II -- GROUNDS FOR ADMISSIBILITY OF EVIDENCE TO BE OFFERED BY THE DEFENSE – GENERAL OVERVIEW

### A. REPUTATION/OPINION

The defense will offer reputation/opinion evidence as to pertinent character traits of the deceased, under F.R.E. 404(a)(2) and F.R.E. 405. A relatively small amount of such testimony as to others present at the time of the shooting may be offered as well.

### B. STATE OF MIND

Second, the defense will offer specific instances of the deceased's conduct (and in greatly reduced quantity, of some of the witnesses present at the shooting), to demonstrate the Defendant's state of mind at the time of the shooting.

### C. F.R.E. 404(B)

Third, many incidents of the deceased's prior criminal conduct are separately admissible under Federal Rule of Evidence 404(b). The defense is acutely aware that, for F.R.E. 404(b) to be applicable, the proffered evidence must be relevant to a *factual issue* in the case; the defense is prepared to make that showing in each instance.

### D. EFFORTS TO REASONABLY LIMIT EVIDENCE

The Court, of course, has discretion to limit the quantity of evidence on any particular point. The defense has *already* eliminated the majority of criminal acts known to the defense from what it will offer at trial. The defense will offer only

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

those acts which are reasonably timely, which are most probative of issues in this case, and which are not duplicative or repetitive.  That said, the deceased's history of violence is extraordinarily long and severe for a person of his age.  He was known as being so fierce, so disrespectful of the life of others and so vindictive, that many witnesses are afraid to testify truthfully about him in court for fear of retaliation from the deceased's family.

## III --  REPUTATION AND OPINION EVIDENCE IS ALLOWED TO PROVE THE CHARACTER OF THE DECEASED

The law as to reputation and opinion evidence, used to prove character, is summarized as follows:

(A)  Reputation or opinion evidence may be used to show that the deceased possessed a pertinent character trait, and that he acted in conformity with that character;

(B)  This is not a *m e re* evidentiary question; use of character evidence is central to self-defense;

(C)  The Defendant's knowledge of the pertinent trait of character need not be proven; reputation is sufficient;

(D)  Prejudice under F.R.E. 403 is not an important factor when reputation pertains neither to the Defendant nor a witness.

### (A) REPUTATION OR OPINION EVIDENCE MAY BE USED TO SHOW THAT THE DECEASED POSSESSED A PERTINENT CHARACTER TRAIT, AND THAT HE ACTED IN CONFORMITY WITH THAT CHARACTER

Federal Rule of Evidence 404(a)(2) allows proof of evidence of character of the deceased in order to establish that the deceased was the initial aggressor, and

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

other issues relevant to self-defense.  Reputation or opinion evidence may permissibly establish that the deceased possessed a pertinent character trait, in order to prove that he acted in conformity with that character.  F.R.E. 405.[1]

Any *pertinent* character trait may be the subject of opinion or reputation evidence.  In this case, evidence will be offered to show that the deceased was violent, aggressive, initiated fights, liked to fight, was a bully, was physically abusive towards others, targeted people for no discernable reason, was revengeful, intimidating, brutal, had a wantonly reckless disregard for the lives of others, disrespected the law, considered himself above the law, was known to be usually armed, was belligerent when intoxicated, would act friendly to put his targets off guard, and other similar traits.

## (B) THIS IS NOT A *MERE* EVIDENTIARY QUESTION; USE OF CHARACTER EVIDENCE IS CENTRAL TO SELF-DEFENSE

Fear-inspiring character, and the reputation springing from it, is significant evidence.  Such traits as those listed above may allow the criminal to commit his crimes more readily, and are also probative of his intended victim's fear.  United States v. Dennis, 625 F.2d 782, 799-800 (8th Cir. 1980).

And when a defendant raises self-defense, reputation evidence of a victim's violent character is relevant to show the victim as the actual aggressor.  United States

---

[1]  Reputation and opinion evidence may be offered to demonstrate that a person acted in conformity with their character; it is only specific act evidence which is *not* admissible *solely* for that purpose.  United States v. McCourt, 925 F.2d 1229, 1232-33 (9th Cir. 1991).

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 13 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

v. Taken Alive, 262 F.3d 711, 712, 714 (8th Cir.2001); United States v. Gregg, 451 F.3d 930, 933-34 (8th Cir. 2006).  The deceased's behavior, as shown by character evidence, is extremely important to establishing self-defense.  Harris v. Cotton, 365 F.3d 552, 556 (7th Cir. 2004).

Finally, the Defendant's right of due process entitles him to present critical evidence to support his claim of self-defense, under the fifth and sixth amendments. Depetris v. Kuykendall, 239 F.3d 1057, 1062-63 (9th Cir. 2001); *see also* California v. Trombetta, 467 U.S. 479 (1984).  What constitutes a pertinent character trait is dependent upon the facts of each case.

## (C)  THE DEFENDANT'S KNOWLEDGE OF THE PERTINENT TRAIT OF CHARACTER NEED NOT BE SHOWN; REPUTATION IS SUFFICIENT

Because character evidence is *not* offered to show the effect on the Defendant's state of mind at the time he acted, it need not be shown that the Defendant specifically *knew* of the character trait at the time he acted.  It is sufficient to show that the deceased was reputed to possess the particular trait in the community in which both the Defendant and deceased lived.  *Wigmore on Evidence*, (1983; 1991 update, §246, pages 58-59.)  United States v. Keiser, 57 F.3d 847, 855 (9th Cir. 1995)(defendant's personal knowledge of victim's propensity for violence is simply not a prerequisite for admission of victim character evidence).  All character witnesses, as well as the Defendant and the deceased, lived or live in the community of the Warm Springs reservation.

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**(D)  PREJUDICE UNDER F.R.E. 403 IS NOT AN IMPORTANT FACTOR WHEN REPUTATION PERTAINS NEITHER TO DEFENDANT NOR A WITNESS**

First, F.R.E. 405 *already* limits character evidence by permitting only reputation and opinion evidence; this is essentially the same safeguard as provided by F.R.E. 403.  United States v. Jones, 188 F.3d 1178, 1189 (10th Cir. 1999).  Second, F.R.E. 403 is limited to preventing *unfair* prejudice.  United States v. Taken Alive, 262 F.3d 711, 714-15 (8th Cir. 2001).  Finally, prejudice is not an important factor when the reputation of neither the Defendant nor a witness is in question.  *Wigmore on Evidence*,  (1983; 1991 updated, §63.1, p. 1382)(when relevant, there is no substantial reason against evidencing a character trait of the victim; such instances may be very significant, and the prohibitory considerations applicable to an accused's character have little or no force).

# IV – EXACTLY WHAT CHARACTER TRAITS MAY BE PROVEN  BY REPUTATION or OPINION EVIDENCE?

## (A) NOT LIMITED TO SHOWING VIOLENCE

The defense is decidedly *not* limited to asking "was he violent?," but may ask about any "pertinent" trait.  *Wigmore on Evidence* (1983; 1991 update, §63, p. 1350, fn.1).  "Pertinent" traits include any emotional trait which might naturally lead the deceased to engage in unprovoked aggression.  *Id.* §246(b), at p. 58.

## (B) EXAMPLES OF PERMISSIBLE TRAITS

*Wigmore* lists several character traits, by way of example, which are permissible

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

under FRE 404(a), including that the deceased:

Acted belligerent when drunk;

That he acted in a really bellicose manner;

That he was acted tough with a knife;

That he was "knife-happy";

That he was reputed to have stabbed another inmate in prison;

That he was turbulent;

That he was revengeful;

That he was bloodthirsty;

That he had a bad reputation for whipping up people;

That he was a vicious person;

That he was a bloodthirsty, violent type;

That he was arrogant and belligerent when intoxicated;

That he was reputed to be a good fighter;

That he had a proclivity for violence;

That he was a "dangerous character";

That he had a reputation for shooting people;

That he had a reputation for carrying a knife;

That he was quarrelsome;

That he was ferocious;

That he was brutal;

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

That he had a reputation for cutting people;

That he committed violent acts against the defendant and others;

That he frequently carried deadly and dangerous weapons;

That he had a violent disposition;

See: *Wigmore on Evidence*, (1983, 1991 update, §63, pgs. 1350-1365, fn.1; *specific case citations omitted*).

Other examples cited by *Wigmore* include:

That he was an overbearing bully;

That his heart was lost to all social ties and order;

That he was fatally bent on mischief;

That he had an irascible temper;

That he had an overbearing disposition;

That he had a reckless disregard for human life;

That he was given to bloodshed;

That he commonly carried a pistol;

That he went about armed with a large knife;

That he was a violent and dangerous man;

That he carried deadly weapons concealed;

That he was a powerful man of violent temper;

That he was a desperate and dangerous man;

That he was quarrelsome and dangerous;

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

That he was a dangerous fighting man;

That he had a reputation as a killer;

That he was desperate and dangerous because of previous threats;

That he was would take his adversary unawares;

That he was strong, ferocious, vindictive and quarrelsome;

That he was violent, dangerous and without regard for human life;

That he was quarrelsome and abusive;

That he was healthy and strong;

That he was in the habit of carrying firearms or other deadly weapons;

That he was always armed;

That he was cross and ugly when drinking.

*See: Wigmore on Evidence*, (1983, 1991 update, p. 1350, §246, pages 50-71; *specific case citations omitted*).

A witness may also testify as to a "general estimate" of character, <u>Michelson v. United States</u>, 335 U.S. 469 (1948), including such general traits as "lawfulness" and "law-abidingness" (or lack thereof); <u>United States v. Angelini</u>, 678 F.2d 380, 382 (1st Cir.1982); <u>United States v. Hewitt</u>, 634 F.2d 277, 279 (5th Cir.1981), or that the defendant was in a gang; <u>United States v. Bordeaux</u>, 570 F.3d 1041, 1050 (8th Cir. 2009).

## V -- STATE OF MIND EVIDENCE MAY INCLUDE SPECIFIC ACTS

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

In self-defense cases, the law on what is admissible to demonstrate the defendant's state of mind is summarized as follows:

(A) Specific acts are generally *not* admissible to prove character alone;

(B) Specific acts *are* admissible to show Defendant's state of mind;

(C) The right to offer evidence of the deceased's prior acts to prove the state of mind of the Defendant is constitutional and fundamental;

(D) The Defendant must have some knowledge of the prior act at the time of the commission of the shooting;

(E) But the Defendant's knowledge of the acts may be any method, first-hand or otherwise;

(F)  The Defendant's understanding of the prior acts need not be detailed or exact;

(G)  The prior acts need not be identical to ones feared by the Defendant;

(H)  Remoteness of the prior act is not grounds for its exclusion.

Each of these specific points is discussed here.

## (A)  INADMISSIBLE TO PROVE CHARACTER ALONE

As *character evidence,* specific instances of conduct are not admissible unless the character trait is an essential element of a charge, claim or defense.  F.R.E. 405(b). [The case law is clear that character of the alleged victim is *not* an essential element of self-defense; this is not a contested issue here.]

## (B)  SPECIFIC ACTS *ARE* ADMISSIBLE TO SHOW DEFENDANT'S STATE OF MIND, IN SELF-DEFENSE CASES

F.R.E. 404(b) prohibits the use of specific act evidence to "prove the character

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

of a person in order to show action in conformity therewith."  [First sentence.]  But F.R.E. 404(b) does *n o t* prohibit  proof of specific acts to establish the Defendant's state of mind in a self defense case.  In United States v. Saenz, 179 F.3d 686 (9th Cir. 1999), the court held it to be reversible error to disallow the defendant to testify about his own knowledge of the alleged victim's acts of violence; such acts were admissible on the non-character issue of state of mind.  *Id.*, at 686.  Saenz merely confirmed the original limitations of F.R.E. 404(b):

> "When a case narrows to the degree of reasonableness of the apprehension in the mind of the defendant when he finds himself in a position in which he must instantly determine when, or whether or not, to strike, and when it is conceded that it is permissible for his judgment to be affected by the character of his antagonist for violence, there would seem to be no escape from the further concession that his judgment would be even more directly affected by knowledge of recent specific unrestrained violence.  All men well know that the average mind responds more readily to knowledge of specific conduct than to impressions based on general reputation."

*Wigmore on Evidence*, (1983; 1991 update, §248(1), pages 67-68.[2]

## (C)  THE RIGHT TO OFFER EVIDENCE OF THE DECEASED'S PRIOR ACTS TO PROVE THE STATE OF MIND OF THE DEFENDANT IS

---

    [2]  *See also*:  Harris v. Cotton, 365 F.3d 552, 556 (7th Cir. 2004)(behavior of victim while using drugs and being intoxicated is extremely important to self-defense issue); Ruvalcaba v. City of Los Angeles, 64 F.3d 1323 (9th Cir. 1995)(police officers sued for excessive force under 42 USC §1983 may testify about criminal history and prior violent acts, known to them at time of encounter, of plaintiff);  United States v. Dennis, 625 F.2d 782 (8th Cir. 1980)(in extortionate credit transaction case, specific acts of fear-inspiring character can be significant evidence to prove method of intimidation by defendant, how extortion works, and to prove fear on part of victim); United States v. McIntire, 461 F.2d 1092 (5th Cir. 1972)(error to exclude evidence in murder case that others would corroborate defendant's testimony of prior beatings of defendant by deceased when he was intoxicated).

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**CONSTITUTIONAL AND FUNDAMENTAL**

In Depetris v. Kuykendall, 239 F.3d 1057 (9th Cir. 2001), it was deemed reversible constitutional error to deny the defendant, who had killed her husband in his sleep, the right to introduce specific act evidence from the husband's journal about his violent behavior towards his first wife and others, as well as her own testimony about *how she interpreted that journal* to mean his threats were serious. *Id.*, at 1062.  Such evidence, the court held, goes to the heart of the testifying defendant's credibility.  *Id.*, at 1062-63.  And the question was more central than a mere evidentiary question; the evidence would corroborate the defendant's testimony, and was relevant to her assessment of the danger she perceived.  *Id.*, at 1063.  Exclusion of this critical corroborative evidence violated both the Fifth and Sixth amendment, as it went to the heart of the defense, the defendant's credibility, and the right to present a defense.  *Id.* at 1062-1063.

**(D)  THE DEFENDANT MUST HAVE SOME KNOWLEDGE OF THE PRIOR ACT AT THE TIME OF THE COMMISSION OF THE SHOOTING**

The Defendant's state of mind is established *only* by matters known to him at the time of the shooting; therefore, criminal acts offered as probative of his state of mind must be generally known to him at the time of the shooting.  United States v. Gregg, 451 F.3d 930, 935 (8th Cir. 2006).

**(E)  BUT THE DEFENDANT'S KNOWLEDGE OF THE ACTS MAY BE ANY METHOD, FIRST-HAND OR OTHERWISE**

The Defendant need not have firsthand, personal knowledge of the prior

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

violent acts of the deceased. Such acts may be known to the Defendant through direct exposure to the acts themselves, by an express communication to him from others,

 by reputation, or by the intrinsic quality of the acts themselves. *Wigmore on Evidence*, (1983; 1991 update, §248, pgs. 49-50).

## (F)  DEFENDANT'S UNDERSTANDING OF THE PRIOR ACTS NEED NOT BE DETAILED OR EXACT

There is no requirement that the Defendant's knowledge of the prior act be either detailed or exact, (or even that he be correct in his belief it occurred, if reasonably based).  In United States v. James, 169 F.3d 1210 (9th Cir. 1999)(en banc), the defendant was charged with killing an abusive boyfriend on an Indian reservation, and testified about prior bad acts of the deceased.  The court held it to be reversible error to disallow the use of extrinsic evidence to corroborate the defendant's testimony; some of the extrinsic evidence was related to, but not identical with, the defendant's testimony.  *Id.*, at 1214-15.

No case known to the defense -- after extensive research -- has required that the Defendant's belief (that he needed to act as he did to defend himself) be established by a *factually exact* recitation of the deceased's prior violent acts.  The reasonableness of the Defendant's state of mind is a question for the jury to determine based upon all the circumstances.

## (G)  THE SPECIFIC ACTS OFFERED MAY BE RELEVANT EVEN IF NOT WHAT THE DEFENDANT FEARED WOULD HAPPEN

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

The prior acts may be relevant even if they are different from what the Defendant feared would happen at the time he acted.  United States v. Dennis, 625 F.2d 782 (8th Cir. 1980).

**(H)  REMOTENESS OF THE PRIOR ACT IS NOT GROUNDS FOR ITS EXCLUSION**

If the deceased's prior violent acts affected the state of mind of the Defendant at the time of the shooting, they are relevant.  The "distance in time from the moment of the affray" does not destroy the capacity of a prior act to create apprehension on the part of the defendant claiming self-defense.  *Wigmore on Evidence*, (1983; 1991 update, §248, p. 66).

While remoteness in time *is* a factor in analyzing the admissibility of some evidence under F.R.E. 404(b), United States v. Pitts, 6 F.3d 1366, 1370 (9th Cir. 1993), evidence offered to establish the Defendant's state of mind is not subject to F.R.E. 404(b)'s limits or requirements. Rule 404(b) prohibits *only* "pure" character evidence, meaning it prohibits the use of specific acts *solely* to prove that a person acted in conformity with their character;  the Rule is inapplicable to questions of the Defendant's state of mind.  United States v. Saenz, 179 F.3d 686 (9th Cir. 1999)(specifically holding that F.R.E. 404b was incorrect basis to analyze admissibility of evidence going to defendant's state of mind).

# VI --  STATE OF MIND EVIDENCE -- EXTRINSIC EVIDENCE IS ALLOWED

When evidence of the deceased's prior conduct is offered to show the

*ROBERT W. REID, LLC*
Attorney at Law
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

Defendant's state of mind, extrinsic evidence (that is, evidence other than the testimony of the Defendant) is admissible.  The use of extrinsic evidence is summarized as follows:

> (A)  Extrinsic evidence may be offered to *corroborate* Defendant's testimony about prior acts and his fear of the deceased at the time of the shooting;

> (B)  Extrinsic evidence is also admissible to *bolster the Defendant's credibility*;

> (C)  Extrinsic evidence is not subject to attack for being biased or self-interested, as is goes to the Defendant's own testimony;

> (D)  The Defendant need not have seen, or even known of, corroborative records at the time he acted;

> (E)  The F.R.E. 403 balancing test is not applicable where Defendant's credibility is in issue;

> (F)  The extrinsic evidence need not establish acts in all respects identical to the testimony of the Defendant

These points are discussed in detail below.

## (A) EXTRINSIC EVIDENCE MAY BE OFFERED TO CORROBORATE DEFENDANT'S TESTIMONY ABOUT PRIOR ACTS AND HIS FEAR OF THE DECEASED AT THE TIME OF THE SHOOTING

In <u>United States v. James</u>, 169 F.3d 1210 (9th Cir. 1999), the defendant was charged with aiding and abetting her daughter in the killing of the daughter's abusive boyfriend on an Indian reservation.  The defendant testified to a list of horrors she had heard about – and from – the boyfriend, which were of "such a remarkable character of atrocity that one might doubt that he had told them of himself or doubt that they had really occurred." *Id.* at 1214.  The trial court allowed the testimony, but

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

refused to admit court documents, a presentence report, and police reports which would have corroborated the occurrence of some of the events testified to by the defendant.[3]  In finding this to be reversible error, the *en banc* court held that the extrinsic evidence had two legitimate functions: to corroborate the defendant's testimony that she had heard of these prior acts of violence, and to corroborate her testimony that she feared the deceased at the time of the commission of the homicide.  *Id.*, at 1214.

*See also:* Depetris v. Kuykendall, 239 F.3d 1057, 1062-63 (9th Cir. 2001)(reversible error to deny woman charged with killing her husband the right to introduce extrinsic evidence consisting of husband's journal documenting his violent behavior towards his first wife and others to corroborate her testimony, to establish her state of mind, and to bolster credibility).

## (B)  EXTRINSIC EVIDENCE IS ALSO ADMISSIBLE TO BOLSTER THE DEFENDANT'S CREDIBILITY

Noting that the law of the Ninth Circuit "is crystal-clear that corroboration of a key prosecution witness by the introduction of criminal records is permissible," the James court concluded that "[w]e should not have one rule for the prosecution and another rule for the defense."  James, supra, at 1214.  Because the defendant's

---

[3]  While James addressed extrinsic *records*, testimony by a *witness* which corroborates the defendant's testimony is also proper use of "extrinsic" evidence. United States v. McIntire, 461 F.2d 1092, 1092-93 (5th Cir. 1972).  Nor is hearsay at issue: the records in James (presentence report, police reports, court records) were replete with hearsay: records offered to bolster credibility or corroborate testimony are offered for that purpose, not for the truth of matters asserted therein.

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

credibility was critical to her defense, it was prejudicial error to omit records which could corroborate the defendant's credibility.  *Id.,* at 1215.  *See also:* Depetris v. Kuykendall, supra, at 1062-63 (9th Cir. 2001).

## (C)  EXTRINSIC EVIDENCE IS NOT SUBJECT TO ATTACK FOR BEING BIASED OR SELF-INTERESTED, AS IS DEFENDANT'S OWN TESTIMONY

Extrinsic evidence has the added value of being an unbiased source of corroboration and is not subject to attack on grounds of bias or self-interest.  If it is the only such evidence, it is essential to the defense for that reason alone.   Depetris v. Kuykendall, 239 F.3d 1057, 1063-64 (9th Cir. 2001).

## (D)  THE DEFENDANT NEED NOT HAVE SEEN, OR EVEN KNOWN OF, THE CORROBORATIVE RECORDS AT THE TIME HE ACTED

Where extrinsic records were offered to *c o rro b o rate* the defendant's testimony as to state of mind at the time she acted and to *c o rro b o rate* her knowledge of the prior acts – as opposed to using the records themselves to prove state of mind – it was improper for the trial court to exclude the extrinsic evidence on the grounds that the defendant  did not know of the records at the time she acted.  James, supra, at 1214.  Similarly, the evidence would be cumulative of the defendant's state of mind.  Id.

## (E)  F.R.E. 403 BALANCING TEST NOT APPLICABLE WHERE DEFENDANT'S CREDIBILITY -- AS OPPOSED TO VICTIM'S CHARACTER -- IS IN ISSUE

The James court found an abuse of discretion in the trial court's use of the F.R.E. 403 balancing test to exclude the extrinsic records.  The records were offered

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

to support the defendant's credibility, rather than to attack the alleged victim's character, so the F.R.E. 403 balancing test was improper.  *Id.*, at 1215.

### (F)  THE EXTRINSIC EVIDENCE NEED NOT ESTABLISH ACTS IN ALL RESPECTS IDENTICAL TO THE TESTIMONY OF THE DEFENDANT

In <u>James</u>, the prior acts of violence by the deceased boyfriend were similar to, or related to, the acts established by the proffered extrinsic evidence; there is no requirement that they be identical. *Id.*, at 1213-1215.  Prior acts may still be relevant even if they are not identical to those which the victim fears.  <u>Callanan v. United States</u>, 223 F.2d 171, 177-78 (8th Cir. 1955).


# VII – STATE OF MIND EVIDENCE ALSO INCLUDES "GOOD" ACTS BY THE DEFENDANT, IF PROBATIVE

Defendant Harvey will offer evidence about the "traditional" Native American activities in which he was involved throughout his life.  These will be offered for the *non-character* purpose of showing *who* he is, in order that the jury may evaluate his state of mind at the time of the shooting in the full context of his life.

But this evidence also has special relevance to issues of violence in this case as well.  The deceased was a leading member of the "Native Gangsta Tribe," a violent criminal organization which required that "you must dismiss your family, and your

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

culture in favor of the gang."[4]  There was an abiding enmity between these gangsters and the "traditional" Indians such as the Defendant, which formed part of the background of the events of August 15, 2008.

## (A) F.R.E. 404(b) IS NOT CONFINED ONLY TO "BAD" ACTS

The terms of F.R.E. 404(b) allow other "acts" evidence to prove intent, design, plan, etc.  Nothing in the rule limits its use to wrongful acts.

## (B)  SPECIFIC ACTS TO ESTABLISH DEFENDANT'S STATE OF MIND DO NOT CONTRAVENE F.R.E. 404(b)

Whether specific act evidence may be offered by the defense to prove a relevant character trait of the Defendant (here, peacefulness, non-violence, avoidance of violence, and the like) was answered in United States v. Thomas, 134 F.3d 975 (9th Cir. 1998).  In that case, the defendant sought to offer evidence of his good conduct, shown by his lack of prior criminal history, but was not allowed to do so by the trial court.  Noting that the issue of whether F.R.E. 404(b) permits introduction of the defendant's prior good acts or conduct to prove the defendant's state of mind was "squarely presented," the court went on to hold that such evidence was admissible as long as it bears meaningfully on the defendant's state of mind.  Id., at 978-979.  Nor did the Thomas court require that the evidence *conclusively* establish a state of mind; it was sufficient that it would "tend to make it more probable."  Id., at 979-980.

---

[4]  This, according to the testimony of the current Warm Springs Police Chief, Carmen Smith, on July 30, 2009 before the Senate Committee on Indian Affairs in a hearing related to "Criminal Activity in Indian Country."

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

*See also:* <u>United States v. Saenz</u>, 179 F.3d 686 (9th Cir. 1999)(self-defense case citing

<u>Thomas</u> for the proposition that this error cannot be harmless when it prevents a

defendant from providing an evidentiary basis for his defense).

# VIII – F.R.E. 404(B) EVIDENCE --
# GENERALLY APPLICABLE PRINCIPLES

## (A)  THE RULE ITSELF

For convenience, here is what F.R.E. 404(b) says:

> **Rule 404 (b) Other crimes, wrongs, or acts**
> Evidence of other crimes, wrongs, or acts is not admissible to
> prove the character of a person in order to show action in
> conformity therewith. It may, however, be admissible for other
> purposes, such as proof of motive, opportunity, intent, preparation,
> plan, knowledge, identity, or absence of mistake or accident,
> provided that upon request by the accused, the prosecution in a
> criminal case shall provide reasonable notice in advance of trial, or
> during trial if the court excuses pretrial notice on good cause
> shown, of the general nature of any such evidence it intends to
> introduce at trial.

## (B) WHAT IS *NOT* 404(b) EVIDENCE

First, it must be said that F.R.E. 404(b) limitations on pure character evidence

apply to evidence *other than* the Defendant's state of mind, evidence to *corroborate*

that state of mind, or evidence to *bolster credibility* as to state of mind.  Such use of

specific acts evidence is fundamental and constitutionally permitted, as noted in

previously in section V.

## (C)  RULE OF INCLUSION

The single most important thing to be said about Rule 404(b) is that **it is a rule**

**of inclusion.**  This means that, unless the specific act offered tends *only* to prove

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

propensity (to act in accordance with a certain character), it is admissible.  United States v. Castillo, 181 F.3d 1129, 1134 (9th Cir. 1999).

The government will likely object to the Defendant's willingness to utilize F.R.E. 404(b).  It should, therefore, be kept in mind that the Rule is nearly always used *against* the defense, and the rule of inclusion is one which has been most successfully promoted by the prosecution for over four decades.  And, of course "[w]e should not have one rule for the prosecution and another rule for the defense." United States v. James, 169 F.3d 1210, 1214 (9th Cir. 1999).

## (D) F.R.E. 404(b) - THE "FOUR PART TEST"

There is a four-part test for admissibility of specific acts under F.R.E. 404(b). The specific act evidence is admissible if:

(1) the evidence tends to prove **a material point**;

(2) the prior act is **not too remote** in time;

(3) the evidence is **sufficient to support a finding** that the act was committed by the person to whom it is attributed; and

(4) (in some cases where **knowledge and intent** are at issue) the act is **similar** to the offense charged.

Castillo, supra, at 1134 (emphasis added for clarity).  Each point is discussed below.

## (1) POINT #1:  Proof of a Material Point

All specific acts offered by the defense as to the deceased's prior conduct have an articulable material relevance, as set forth either in this memorandum or at trial. The issues are all material to the question of self defense.  Not every act will be

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 30 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

completely probative of the issue for which it is offered, but it need only be a "brick," not the entire wall.  United States v. Sloan, 65 F.3d 152, 154 (10th Cir. 1995)(gang evidence alone not sufficient to convict, but it is a link; "a brick is not a wall").[5]

## (2)  POINT #2:  Not Too Remote

There is no bright line as to what is too remote.  United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989)(thirteen years not too remote to show previous use of wife's social security number to establish fraudulent knowledge in later case); United States v. Hinton, 31 F.3d 817 (9th Cir. 1994)(ten years not too remote in cited examples).  In the instant case, no specific instances will be more remote than approximately ten years prior to the shooting; most will be much more recent.

But more importantly, the specific examples offered to show the deceased's course of conduct as to violence, threatening or intimidating victims, being involved in gang activity, possessing and using weapons or drugs, and other such behavior all demonstrate consistent, ongoing activity over that period of time.  A regular pattern of activity **overrides the remoteness issue** under the 404(b) analysis.  Hinton, supra, at 823 (regular pattern of abuse, or chain of similar conduct, overrides the temporal limitations which a discrete act would encounter under the 404b analysis).

---

[5] F.R.E. 401 provides: "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**(3)  POINT #3: Evidence Sufficient to Support a Finding that the Act Was Committed**

The sufficiency of proof of prior acts is a low threshold; they should be admitted if there is sufficient evidence to support a jury finding that the act was committed.  United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994).  The Supreme Court rejected the preponderance standard as being *too high*, in Huddleston v. United States, 485 U.S. 681 (1988).  There will be ample proof of commission of specific acts.  In many instances, there will be testimony from witnesses familiar with the deceased, his activity in the community, and that of his criminal gang.  Some acts will be established by police reports or court records (which the prosecution will have had several months before trial).  In some instances, the testimony will be that of the Defendant alone; the jury will judge his credibility.

**(4)  POINT #4:  Similarity Where Knowledge or Intent are at Issue**

**\* Knowledge:**  In United States v. Lopez-Martinez, 725 F2.d 471 (9th Cir. 1984), the court held that admission of the details of a prior drug charge of the defendant's was admissible to show that, in that case, the defendant would have known that he was carrying illegal drugs worth a lot of money.  The deceased's "knowledge" is not expected to be an issue in this case.

**\* Intent:**  Most of the specific acts of the deceased are offered to establish something *other than, or in addition to,* intent.  It is true that nearly all of the criminal acts of the deceased were pervaded by an *intent* to maintain a high level of intimidation which allowed him run amok without fear of being reported or arrested.

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

But that intent was manifested in ways as diverse as the acts themselves were. Similarity between the prior act and the instant case is only *sometimes* required, and only when relevance logically requires it.  United States v. Hearst, 563 F.2d 1331, 1336 (9th Cir. 1977)(dissimilar prior crimes admissible when purpose was not to prove similarity of action, but wilfulness).

In any event, all of the deceased's acts do share a similarity in their reckless indifference to the lives of persons affected by the acts, and the common theme of intimidating people from reporting the acts to the police.  They are also *similar* in that they spring from the tenets of violent gang culture.  This type of evidence is discussed in the next section.

# IX –  SPECIFIC ACT EVIDENCE SHOWING THE DECEASED'S GANG MEMBERSHIP, GANG TENETS, AND GANG ACTIVITY IS ADMISSIBLE

## (A)  INTRODUCTION: WHY GANG MEMBERSHIP, GANG TENETS, AND THE DECEASED'S GANG ACTIVITY IS RELEVANT

Relevance of the deceased's violent acts is not dependent upon his status as a gang member: his personal values and the gang culture in which he thrived were one and the same.  But evidence of his membership in the Native Gangsta Tribe, as well as pertinent traits of that gang, is probative of several factual issues in this case:

(1)  That the Defendant reasonably believed that the deceased had "targeted" him for a violent attack, for no just reason, immediately prior to the shooting, which was part of the deceased's gang-related behavior;

(2)  That the Defendant reasonably believed that the deceased was

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

armed with a weapon capable of causing death, and that he was willing to use it, immediately prior to the shooting, which was part of the deceased's gang-related behavior;

(3)  That the Defendant reasonably believed that he was in imminent danger of serious bodily harm or death prior to the shooting, as violent attacks on persons -- whether or not they were involved in gangs – was a common activity of the Native Gangsta Tribe;

(4)  That the Defendant reasonably believed that he needed to use deadly physical force to avoid serious bodily harm or death;

(5)  That the Defendant reasonably believed that, had the deceased continued in his threats of attack on the Defendant, that the other two men present would join in that attack against the Defendant, as both supported the deceased in gang-related activities in the past;

(6)  Bias:  That the witnesses present during the shooting did and will continue to have a motive to (a) deny specific knowledge as to what occurred at the time of the shooting; and/or (b) falsely portray the deceased as a "victim" of violence which he did not initiate; and/or (c) falsely portray the Defendant as an aggressor; all in order to avoid violent retaliation by the deceased's gang associates;

(7)  Bias:  That other witnesses will, for the same reasons, have a motive to (a) fail to appear at court to testify on the Defendant's behalf and (b) to fail to testify fully and truthfully as to the violent reputation, and specific violent acts on the part of the deceased known to them;

(8)  Continuity of action, motive, design, plan:  That it was part of the deceased's course of action, motive, design and plan to intimidate others through gang activity, so that they would not report him to the police, testify against him or fail to come to his aid when needed.

## (B)  SPECIFIC ACTS ADMISSIBLE TO CORROBORATE THE DEFENDANT'S STATE OF MIND

The Defendant's knowledge of the deceased's gang membership, and how it affected his state of mind at the time of the shooting (items 1-5, above), is unquestionably admissible and provable by specific acts evidence known to the

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 34 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

Defendant.  This issue is discussed thoroughly in section V, above.  Extrinsic evidence of acts generally known to the Defendant is also admissible to corroborate the Defendant's state of mind, and to bolster his credibility.  (See section VI, above).

Other specific acts, even if not known to the Defendant, are admissible to corroborate his state of mind.  See: Section V, section A, above.

## (C)  ACTIONS OF OTHER MEN PRESENT

Evidence of gang membership is admissible if relevant to a disputed issue, United States v. McKay, 431 F.3d 1085, 1093 (8th Cir. 2005), although such evidence does not alone prove guilt-by-association.  *Id.*  Here, the evidence is relevant on other issues in addition to the Defendant's state of mind.

The Defendant's belief that the two other men present at the shooting would join the deceased in his imminent attack on the Defendant is bolstered by evidence about the Native Gangsta Tribe and how it operates.  First, the evidence will show that the deceased seldom fought alone if it was avoidable, but instead expected those with him to join him in his assault, even if they were not in his gang.  Second, both Wamblee Wallulatum and Levi Jim had fought on behalf of the deceased in the past, as discussed *infra*.  It is also relevant that the "values" of the tribal gangs were that, when a fight erupted, a person present was expected to take the side of the group to whom they owed allegiance; anyone not doing so would be "taxed" (punished).

## (D)  BIAS OF WITNESSES

Bias may be based upon fear to reveal the truth about gang members.  United

*ROBERT W. REID, LLC*
Attorney at Law
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

States v. Abel, 469 U.S. 45, 52 (1984). There will be evidence in this case that witnesses present at the scene (1) claimed not to have heard or seen much of consequence, and (2) what they did tell police, at the start, was a version of the incident in which the deceased appeared to be blameless.

It is also likely that some witnesses subpoenaed by the defense will refuse to appear in court, falsely testify as to lack of memory, or falsely testify as to lack of knowledge of the deceased's character or specific acts, whereupon they will be impeached with prior statements or other evidence.

Bias may also be based upon a desire to protect a gang member, in one's own self-interest. United States v. Abel, supra, at 52. It is likely that, during trial, the government may call witnesses who will provide testimony either that the deceased was not as maliciously violent as the defense claims, or will otherwise present a mitigated picture of his actions.[6] Evidence that the deceased was a gang member, along with the reputation and history of the gang members for retaliation against anyone cooperating with law enforcement against them, is admissible as bias evidence, to demonstrate the reasons why witnesses are reluctant to tell the entire truth about the deceased.

Gang membership is also admissible to show a motive to lie, on the part of other gang supporters. United States v. Abel, supra. Lies to take blame off of the

---

[6] The defense does not contest the fact that the deceased could be charming, friendly, funny and happy-go-lucky, even charismatic... when he wanted to be.

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

actual perpetrator, where motivated by gang affiliation, may also be challenged by cross-examination revealing gang affiliation. Clark v. O'Leary, 852 F.2d 999, 1006 (7th Cir. 1988).

## (E) CONTINUITY OF ACTIONS, MOTIVE, DESIGN, PLAN

Evidence of the deceased's gang affiliation, and the tenets of behavior of gang members, is admissible to demonstrate to the jury the deceased's continuing course of behavior, continuity of action, and design and plan to maintain his reputation as a violent thug who could do as he pleased in his community, in large part because people were too frightened of him to do anything about it.

Evidence of such a scheme, plan or design is *not* character evidence, but rather is specifically admissible under the terms of F.R.E. 404(b). Gang membership, and action in accordance with membership is admissible to prove motivation, intent, plan, etc. United States v. Santiago, 46 F.3d 885, 889 (9th Cir. 1995)(gang membership permissible to show actions in accordance with gang rules, to prove crimes motivated by being accepted by gang); United States v. Cutler, 806 F.2d 933, 936 (9th Cir. 1986)(gang affiliation is admissible to demonstrate motive to punish potential witnesses testifying against gang members).

Gang membership also demonstrates other permissible purposes for F.R.E. 404(b) prior act evidence. *See*: United States v. McCourt, 925 F.2d 1229, 1233 (9th Cir. 1991)(gang activity admissible to show common plan or scheme); United States v. Hinton, 31 F.3d 817, 822 (9th Cir. 1994)(other acts admissible to show pattern of

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

abuse); <u>United States v. Johnson</u>, 463 F.3d 803, 808 (8th Cir. 2006)(to show motive for actions); <u>United States v. Lamb</u>, 575 F.2d 1310, 1315 (10th Cir. 1978)(to show a continuing scheme); <u>United States v. Audsley</u>, 486 F.2d 289, 290 (5th Cir. 1973)(to show consistent pattern or scheme of operation); <u>United States v. West</u>, 22 F.3d 586, 594 (5th Cir. 1994)(to show overall plan).

# X -- SPECIFIC INSTANCES OF THE DECEASED'S USE AND POSSESSION OF WEAPONS IS ADMISSIBLE

## (A) INTRODUCTION: WHY EVIDENCE OF THE DECEASED'S USE AND POSSESSION OF WEAPONS IS ADMISSIBLE

(1) Both reputation and specific knowledge of the deceased's use and possession of weapons are probative of the state of mind of the Defendant;

(2) The Defendant's belief that the deceased was always armed is corroborated, and his credibility is bolstered, by evidence of specific acts of the deceased's use and possession of weapons;

(3) Such evidence establishes a continuing pattern or scheme of behavior by the deceased;

(4) Such evidence is habit evidence of the deceased.

These points are discussed below.

## (B) EVIDENCE THAT THE DEFENDANT KNEW THE DECEASED WAS VIRTUALLY ALWAYS ARMED IS PROBATIVE OF THE STATE OF MIND OF THE DEFENDANT

That specific act evidence is admissible to establish the Defendant's state of mind is discussed in depth at section V, above.

## (C) CORROBORATION OF TESTIMONY

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Evidence of the deceased's use and possession of weapons will corroborate the Defendant's testimony:

> (a) that he knew the deceased to be armed at virtually all times;

> (b) that he believed the deceased was armed the night of the shooting, which was part of the reason the defendant believed he was subject to imminent serious bodily harm or death at the instant of the shooting;

> (c) that he believed that the deceased was reaching for a concealed weapon immediately prior to the shooting;

Such evidence will also corroborate other defense witnesses who testify to the deceased's being known for carrying weapons. Corroboration is a sufficient grounds to introduce specific act evidence under F.R.E. 404(b), and may be accomplished by use of extrinsic evidence. *See also:* Section VI, above.

## (D) CONTINUING PATTERN OR SCHEME OF BEHAVIOR

The proffered evidence will prove a continuing pattern or scheme of behavior on the part of the deceased, which was known to the defendant at the time of the shooting, to go about armed with weapons, and to use such weapons.

Proof of a continuing plan or scheme is a valid grounds for specific act evidence under F.R.E. 404(b). United States v. Lamb, 575 F.2d 1310, 1315 (10th Cir. 1978). Specific acts are also admissible to prove a course of conduct leading up to events charged. United States v. Adcock, 558 F.2d 397, 401 (8th Cir. 1977).

## (E) REMOTENESS NOT A FACTOR WHEN CONTINUING PATTERN OR ONGOING ACTIVITY IS AT ISSUE

While the incidents of weapons use and possession extend several years into

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

the past, remoteness is not a disqualifying factor when a continuing and ongoing pattern of activity is what is being shown.  United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994)("we conclude that the earlier episodes in this pattern of abuse, linked to the charged assault by a chain of similar conduct, do not face the same temporal limitations as a similarly remote discrete act would encounter under Rule 404(b) analysis").

## (F)  HABIT EVIDENCE

The deceased's use and possession of weapons was so regular as to amount to habit evidence.  United States v. Jones, 188 F.3d 1178 (10th Cir. 1999)(carrying knife all the time was habit).  Habit evidence does not require an individual to act in a given way every minute in every situation.  Id.  F.R.E. 404 and 405 do not limit habit evidence; specific act evidence is thus permissible to demonstrate it.  Id.

Even one's complex set of actions in certain situations can constitute habit evidence.  Perrin v. Anderson, 784 F.2d 1040, 1045-46 (10th Cir. 1986)(in lawsuit against arresting officers, the deceased's previous violent encounters with police was admitted as admissible habit evidence).

# XI –  SPECIFIC INSTANCES OF THE DECEASED'S USE AND SALE OF METHAMPHETAMINE IS ADMISSIBLE

## (A) FACTUAL BACKGROUND AND RELEVANCE OF EVIDENCE OF THE DECEASED'S USE AND SALE OF METHAMPHETAMINE

The evidence will show that methamphetamine is a serious problem on the

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 40 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

Warm Springs reservation, and that the methamphetamine trade is related to, and controlled by, the criminal gangs on the reservation.  The evidence will also be that the deceased and members of his family used and sold methamphetamine.  Finally, the evidence will be – not surprisingly – that the methamphetamine trade involves much violence.

The evidence of the deceased's use and sale of methamphetamine is relevant because:

(1) It is probative of the state of mind of the Defendant, as to whether he acted reasonably in believing that he was in imminent danger of serious bodily harm or death;

(2)  It is probative of the Defendant's state of mind as to fear of the deceased, awareness that the deceased could change moods suddenly and become aggressive and violent, and awareness that the deceased could be unpredictably irrational;

(3) It corroborates the Defendant's testimony, as well as bolsters his credibility on (1) and (2);

(4)  It is probative of a continuing pattern or scheme of behavior on the part of the deceased;

## (B) EVIDENCE THAT THE DEFENDANT KNEW THE DECEASED OFTEN USED METHAMPHETAMINE, AND WAS INVOLVED IN THE METHAMPHETAMINE TRADE, IS PROBATIVE OF THE DEFENDANT'S STATE OF MIND

The Defendant's knowledge of the deceased's use and sale of methamphetamine is relevant to the Defendant's state of mind at the time of the shooting; specific instances of conduct are admissible to establish and corroborate this state of mind, and to bolster the Defendant's credibility.  *See:* section V, above.

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

## (C)  CORROBORATION OF TESTIMONY

Evidence of the deceased's use and possession of methamphetamine, and of his involvement in the often-violent methamphetamine trade, will corroborate the defendant's testimony that he knew the deceased used, possessed and sold methamphetamine regularly for years up to the night of the shooting, and that methamphetamine usage is linked with aggression, violence, and unpredictable sudden shifts in temperament; and further that deceased's behavior was frequently -- but unpredictably –  irrational.

F.R.E. 404(b) provides a non-exclusive list of reasons for which specific act evidence may be introduced: these are *not* "character" evidence.  Corroboration of the defendant (or other witnesses) is one F.R.E. 404(b) grounds allowing specific act evidence.  This issue is fully discussed in section VI, above.

## (D)  SPECIFIC ACT EVIDENCE ADMISSIBLE TO "COMPLETE THE PICTURE"

Specific acts may be shown to "complete the picture" of the case, under F.R.E. 404(b) (regardless of corroboration value).  Prior acts may complete the picture by showing the state of mind of the Defendant, United States v. Dennis, 625 F.2d 782, 800 (8th Cir. 1980), in fearing the deceased, for example.  Depetris v. Kuykendall, 239 F.3d 1057, 1062 (9th Cir. 2001).  Specific acts are also admissible to complete the story or explain circumstances of an act. United States v. Hold, 460 F.3d 934, 937 (7th Cir. 2006).

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipms.com*
*(503) 223-7786 / Fax (503) 227-2477*

## (E)  THE EVIDENCE NEED NOT BE CONCLUSIVE, AS LONG AS IT HAS SOME TENDENCY TO PROVE AN ISSUE IN DISPUTE

It need not be proven that the deceased was under the influence of methamphetamine the night of the shooting; his past usage and reputation for such usage, as well as involvement in the violent methamphetamine business, is admissible as it affects the Defendant's state of mind as to how the deceased *might* act, why he was acting as he was, and what he *might* do.  Police and other witnesses will testify that the deceased used methamphetamine, which made him aggressive, violent and irrational.  Many witnesses will be able to say they knew the deceased was involved in the methamphetamine trade as well.

Evidence is relevant if it has *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  F.R.E. 401 (emphasis added).  The proffered evidence need only be a "brick" in the wall.  <u>United States v. Sloan</u>, 65 F.3d 152, 154 (10th Cir. 1995)(gang membership not sufficient to establish defendant as a drug dealer, but it is enough that such membership made it slightly more probable he was).

## (F) PREJUDICE IS NOT A SIGNIFICANT FACTOR WHERE PRIOR ACTS ARE THOSE OF NEITHER DEFENDANT NOR WITNESS

Specific acts may corroborate the Defendant's state of mind at the time of the shooting.  <u>States v. James</u>, 169 F.3d 1210 (9th Cir. 1999), held that it would be abuse of discretion to keep the deceased's prior criminal records out of evidence: "The

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 43 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

records would not have painted him darker than he already must have appeared. The records went to [defendant's] credibility not [deceased's] character." *Id.,* at 1215. And F.R.E. 403 does not permit exclusion of evidence for mere prejudice: it address only "unfair" prejudice.  <u>United States v. Taken Alive</u>, 262 F.3d 711, 714-15 (8th Cir. 2001).

# XII – SPECIFIC INSTANCES OF THE DECEASED JOINING WITH OTHERS TO FIGHT AN OUT-NUMBERED VICTIM IS ADMISSIBLE

## (A) RELEVANCE

That the deceased avoided fighting one-on-one whenever possible, but instead would get others to fight with him is relevant to the Defendant's state of mind the night of the shooting, in that he reasonably believed that the other men present at the time of the shooting would join the deceased's violence against the Defendant.[7]  The possibility of multiple assailants reasonably increased the Defendants fear of imminent serious bodily injury or death.

## (B)  REPUTATION EVIDENCE ON THIS POINT PERMISSIBLE

The Defendant (or other witnesses) may testify as to what he understood about the deceased's usual course of conduct when assaulting people, by way of

---

[7] It should not matter their motivation – whether they felt obligated to do so, or whether the deceased would insist upon or encourage their participation with him in a fight.  Both are likely scenarios, but the net effect on the Defendant's state of mind is the same.

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

reputation.  F.R.E. 404(a)(2); F.R.E. 405.

## (C)  SPECIFIC ACT EVIDENCE ADMISSIBLE TO CORROBORATE DEFENDANT'S UNDERSTANDING AND BOLSTER CREDIBILITY

The defense may also offer specific acts, *if known to the Defendant* at the time of the shooting, to corroborate his understanding and bolster his credibility on the point.  This point is fully addressed in section V, above.

## (D)  SPECIFIC ACT EVIDENCE ADMISSIBLE TO SHOW COURSE OR PATTERN OF CONDUCT, EVEN IF NOT KNOWN TO DEFENDANT

The Defendant may also offer specific act evidence to demonstrate the deceased's course of action or pattern of conduct, even if it was not known to the Defendant at the time of the shooting.

Motive, intent, preparation and plan are listed as permissible grounds for F.R.E. 404(b) evidence, although the list is not exhaustive.  United States v. Gay, 967 F.2d 322, 328 (9th Cir. 1992).

Other unlisted grounds for specific act evidence are well established.  *See, e.g.:* United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006)(to complete the story of, and provide context of, the charged crime);  United States v. Edwards, 159 F.3d 1117, 1129 (8th Cir. 1998)(to explain the circumstances surrounding a particular event);  United States v. Sloan, 65 F.3d 152, 154 (10th Cir. 1995)(specific acts showing that gangs sold drugs and divided up territory relevant to show existence of planned group activity and defendant's participation in it);  United States v. West, 22 F.3d 586, 594 (5th Cir. 1994)(prior specific acts admissible to show that defendant was engaged

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

in larger, more comprehensive plan); <u>United States v. Lamb</u>, 575 F.2d 1310, 1315 (10th Cir. 1978)(specific acts admissible to prove continuing plan or scheme); <u>United States v. Adcock</u>, 558 F.2d 397, 401 (8th Cir. 1977)(specific acts preceding tax charges by several years admissible to prove course of conduct); <u>United States v. McClure</u>, 546 F.2d 670 (5th Cir.1977)(specific act evidence of systematic campaign of threats and intimidation against other persons by third party admissible to show coercion which defendant claimed to be victim of); <u>United States v. Audsley</u>, 486 F.2d 289, 290 (5th Cir. 1973)(specific act evidence admissible to prove consistent pattern or scheme of operation).

## XIII – SPECIFIC ACT EVIDENCE SHOWING INVOLVEMENT OF DECEASED WITH LEVI JIM DURING VIOLENT ACTIVITIES, AND WITH WAMBLEE WALLULATUM DURING VIOLENT ACTIVITIES IS ADMISSIBLE

### (A) INTRODUCTION AS TO FACTUAL BACKGROUND AND RELEVANCE OF DECEASED'S INVOLVEMENT WITH LEVI JIM, AND WITH WAMBLEE WALLULATUM, DURING VIOLENT ACTIVITIES

Wamblee Wallulatum and Levi Jim were the two men present at the time of the shooting. Wamblee is the deceased's cousin. Levi spent time with the deceased as a member of his "crew." Both Levi and Wamblee were involved with the deceased, at various times prior to the shooting, during the commission of violent activities. The Defendant was aware of these associations. This evidence is admissible because it will:

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

(1)  Corroborate the Defendant's testimony that he knew of Wamblee Wallulatum's and Levi Jim's involvement in acts of violence in the past, and of their association with the deceased;

(2)  Corroborate the Defendant's testimony as to his state of mind, in particular that he reasonably feared that Wamblee Wallulatum and Levi Jim would join the deceased in an imminent attack on him, in the event violence erupted;

(3) Bolster the Defendant's credibility on each of the foregoing issues;

(4) Corroborate the Defendant's testimony that he knew that the deceased favored the "gang style" fight in which several persons joined in the attack, often against a single person, and that the deceased expected others who were with him to fight on his side whether gang associates or not, and that he punished persons who did not do so.

**(B) EXTRINSIC EVIDENCE TO CORROBORATE DEFENDANT'S TESTIMONY, TO CORROBORATE HIS STATE OF MIND, OR TO BOLSTER HIS CREDIBILITY IS ADMISSIBLE**

It is fundamental that extrinsic evidence may be used to corroborate the Defendant's testimony, to corroborate his state of mind, and to bolster his credibility on the specific evidence in question.  See sections V and VI, above.

**(C)  THE EVIDENCE GOES TO THE DEFENDANT'S CREDIBILITY, NOT CHARACTER OF VICTIM OR WITNESSES**

Evidence which is offered to prove the Defendant's credibility, rather than the character of a victim or witness, should not be excluded by use of the F.R.E. 403 balancing test.  United States v. James, 169 F.3d 1210, 1214-15 (9th Cir. 1999).

**(D) EVIDENCE OF THE WITNESSES PRIOR ASSOCIATIONS WITH THE DECEASED ARE PROBATIVE OF BIAS, WHICH IS NOT SUBJECT TO A F.R.E. 404(b) ANALYSIS**

This evidence shows bias in two respects.  First, on the night of the shooting;

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 47 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

Levi Jim and Wamblee Wallulatum were -- by allegiance, past behavior, and inclination -- likely to side with the deceased if a fight broke out, thus greatly increasing the likelihood of serious bodily injury or death to the Defendant. Second, Levi's and Wamblee's past friendly association with the deceased are relevant to their bias as trial witnesses.

Bias is always relevant. United States v. Abel, 469 U.S. 45, 52 (1984). Bias also overrides the limits of F.R.E. 404(b). United States v. Noti, 731 F.2d 610 (9th Cir. 1984).

## (E) EXTRINSIC EVIDENCE OF BIAS IS PERMISSIBLE, AND DOES NOT TRANSGRESS F.R.E. 608(b)

Proof of bias may be by extrinsic evidence. United States v. Ray, 731 F.2d 1361, 1364 (1984). There is a significant difference between introducing misconduct evidence as to the Defendant and as to a witness who is not on trial. Evidence of misconduct may be introduced for the purpose of showing that a witness has cause to be biased. United States v. Ruiz, 579 F.2d 670, 673 (1st Cir. 1978). Extrinsic evidence of bias does not violate F.R.E. 608(b)'s prohibition of extrinsic evidence to impeach for veracity. Lewy v. Southern Pacific Transp. Co., 799 F.2d 1281, 1997-98 (9th Cir. 1986). Great latitude should be allowed to show bias of a key government witness. United States v. Alvarez-Lopez, 559 F.2d 1155, 1160 (9th Cir. 1977).

## (F) THE SPECIFIC INSTANCES OF CONDUCT ARE RELEVANT TO EXPLAIN THE RELATIONSHIP OF THE DECEASED AND OTHERS PRESENT AT THE SHOOTING

Evidence which explains the relationship of the participants is admissible

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

under F.R.E. 404(b), even if it involves criminal conduct not directly related to the charge on trial.  United States v. Edwards, 159 F.3d 1117, 1129 (8th Cir. 1998)(evidence about defendant being at site of fatal fire to steal crack cocaine admissible in arson trial, to explain relationship of the parties and surrounding circumstances).  The jury cannot be expected to make a decision in a void, so evidence of the background context of the case is admissible, even if it involves incriminatory acts.  *Id.*, at 1129.  Third-party acts as well as those of the Defendant or witness, may be used to establish relevant relationships.  United States v. Meester, 762 F.2d 867, 877 (11th Cir. 1985); United States v. Morano, 697 F.2d 923, 926 (11th Cir.1983).

## (G)  THE OFFERED EVIDENCE IS RELEVANT TO PROVIDE A "TOTAL PICTURE" OF THE CRIME

The background and relationships of the persons present was critical to the Defendant's state of mind.  The jury should be allowed to see the "total picture" of the charged crime.  United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006)(in mail fraud case, evidence of kickbacks was proper under F.R.E. 404b, in that it provided a "total picture" of the crime and "completes the story").  *Id.*  Other cases have referred to this same F.R.E. 404(b) exception as necessity to show the whole story, United States v. Holt, 460 F.3d 934, 937 (7th Cir. 2006); to explain the full circumstances of the crime;  *Id.;*  to provide "evidentiary depth;" and to tell the full story;  *Id.*, at 938.

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

## (H) F.R.E. PERMITS RELEVANT ACTS OF THIRD PARTIES (LEVI JIM AND WAMBLEE WALLULATUM)

Where otherwise relevant, specific acts are admissible for any purpose recognized by F.R.E. 404(b), even when those acts are committed by third parties.

Caselaw focuses on whether the third party act is *relevant*, not whether it is committed by a third party or a witness at trial. And F.R.E. 404(b) allows admission of specific act evidence, regardless of whether that specific act is one of the Defendant, a witness, or a third party. *See*: United States v. McCourt, 925 F.2d 1229, 1232-33 (9th Cir. 1991)(acts committed by third party admissible to demonstrate common plan or scheme under 404b); United States v. Aboumoussallem, 726 F.2d 906 (2nd Cir.1984)(third party acts admissible to show modus operandi and to show defendant an innocent dupe of third parties); United States v. Robinson, 544 F.2d 110, 112-13 (2nd Cir.1976)(third party acts admissible to show mistaken identity, and that another person committed the charged crime); United States v. McClure, 546 F.2d 670 (5th Cir.1977)(third party acts admissible under 404b to show defendant was coerced by others and was victim rather than perpetrator); United States v. Meester, 762 F.2d 867, 877 (11th Cir. 1985)(404b allows third party acts to show existence and purpose of ongoing conspiracy); United States v. Morano, 697 F.2d 923, 926 (11th Cir.1983)(third party acts admissible to show modus operandi of defendant's associate); United States v. Edwards, 696 F.2d 1277, 1280-81 (11th Cir. 1983)(third party acts admissible under F.R.E. 404b to show that defendant appreciated the dangers of drug business).

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

# XIV-  SPECIFIC INSTANCES OF EVIDENCE THAT THE TRIBAL POLICE and/or TRIBAL COURT DID NOT PROTECT THE PUBLIC FROM THE DEPREDATIONS OF THE DECEASED ARE ADMISSIBLE

## (A) INTRODUCTION AS TO FACTUAL BACKGROUND AND RELEVANCE OF SPECIFIC INSTANCES IN WHICH THE *TRIBAL POLICE* DID NOT PROTECT THE PUBLIC

The evidence relevant to self-defense issues in this case on the subject of the

tribal police and law enforcement in general is as follows:

(1)  The Defendant knew that the deceased felt himself untouchable by the law, and bragged about it;

(2)  The Defendant knew that the deceased frequently ran from, or physically attacked, police, and bragged about it;

(3)  The Defendant knew that the deceased's sense of being untouchable by the law encouraged his violence & aggression;

(4)   The Defendant knew that the deceased violently retaliated against anyone reporting him to the police;

(5)  The Defendant knew that this guarantee of retaliation made it difficult for police to protect the community from the deceased, for lack of willing witnesses;

(6)  The Defendant knew that the police were unable to protect his neighborhood or people in it from the violence of the deceased and of criminal gangs in general;

(7)  The Defendant knew that going to the police to address threats and attacks from the deceased would result only in more serious retaliations from the deceased;

(8)  The Defendant knew that he was ultimately left to defend himself when he was threatened by the deceased.

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 51 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

**(B) INTRODUCTION AS TO FACTUAL BACKGROUND AND RELEVANCE OF SPECIFIC INSTANCES IN WHICH THE *TRIBAL COURT* DID NOT ADEQUATELY SANCTION THE DECEASED FOR HIS REPEATED CRIMINAL BEHAVIOR, OR DID NOT OTHERWISE PROTECT THE PUBLIC**

The evidence relevant to self-defense issues in this case on the subject of the tribal court and its role in law enforcement is as follows:

(1)  The Defendant knew that the tribal court system was reputed to favor certain families, including that of the deceased's;

(2)  The Defendant knew that the deceased bragged about his tribal court connections protecting him;

(3)  The Defendant knew that the deceased in fact was seldom prosecuted for his violent crimes, and when prosecuted was usually sentenced to relatively short periods of time in jail;

(4)  The deceased, even when placed on probation, repeatedly violated the conditions of probation with little or no adverse consequences;

(5)  The Defendant knew that the deceased was adept at manipulating the tribal court system by claiming that he was the victim of violent acts initiated by himself, by reporting incidents to the police in order to frame himself as the victim, by lying to the police, and by intimidating witnesses into failing to appear to testify against him;

(6)  Federal prosecution of the deceased was not pursued when the deceased committed federal crimes;

(7)  The tribal court has no felony sanctions available to it;

(8)  The failure of the tribal legal system to adequately control criminal gangs places a burden upon persons living in dangerous neighborhoods such as the Defendant's to defend themselves.

**(C) BOTH REPUTATION AND SPECIFIC ACT EVIDENCE IS ADMISSIBLE TO SHOW WHAT THE DEFENDANT KNEW AT THE TIME OF THE SHOOTING, INDEPENDENTLY OF F.R.E. 404(b)**

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 52 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

Both reputation and specific act evidence is admissible to show what the Defendant knew *at the time* of the shooting. This is established law in the Ninth Circuit, and is set forth sections V and VI, above.

## (D) F.R.E. 404(b) PERMITS THIS EVIDENCE AS NON-CHARACTER EVIDENCE TO ESTABLISH CRIMINAL INTENT

The defense will offer specific acts evidence, even if not known to the Defendant, to support admissibility of non-character theories of the evidence summarized above under F.R.E. 404(b), including (a) proving the criminal intent of the deceased to carry out a continuing scheme of bullying residents of Warm Springs for his own ends by manipulating the tribal legal system; (b) of maintaining his reputation as a violent gangster; and (c) of maintaining a high level of intimidation which allowed him commit crimes without fear of being reported, all of which were relevant to his actions immediately prior to the shooting. United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989)(Rule 404b allows specific acts evidence to show criminal intent); United States v. Lamb, 575 F.2d 1310, 1315 (10th Cir. 1978)(Rule 404b allows specific acts to prove continuing plan or scheme); United States v. Adcock, 558 F.2d 397, 401 (8th Cir. 1977)(Rule 404b allows specific acts to prove a course of conduct leading to events charged).

## (E) F.R.E. 404(b) PERMITS THIS EVIDENCE AS NON-CHARACTER EVIDENCE TO ESTABLISH THE CONTEXT AND "WHOLE STORY" OF THE SHOOTING

The evidence outlined above helps to establish the full context and "whole story" of the shooting of the deceased. United States v. Holt, 460 F.3d 934, 937-938

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

(7th Cir. 2006)(Rule 404b specific acts admissible to demonstrate the whole story, to explain the full circumstances of the crime, and to provide "evidentiary depth" to tell the continuous story);  United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006)(specific acts permissible to put story in context, to complete the story, and to provide a "total picture" of the charged crime).

## XV – EVIDENCE OF THE DECEASED'S BOASTS AS TO IMMUNITY OR INVULNERABILITY TO THE CONSEQUENCES OF HIS CRIMINAL ACTS IS ADMISSIBLE

### (A) NATURE AND RELEVANCE OF EVIDENCE OF DECEASED'S BOASTS

The deceased was known for boasting that he was immune or invulnerable to the reach of the Warm Springs legal system.  He once threatened to kill two police officers who were arresting him after asking "Do you know who I am?"  He bragged – in a tape recording, no less – to one Sheriff's officer that on the reservation "they can't do nothing to me, you know?"  He made statements in front of correctional officers in jail indicating that he was going to keep assaulting officers at the jail, let them calm down, then do it again.  He once opined that he could not be hit by bullets because "I'm a warrior."  The Defendant and witnesses may offer additional evidence of similar statements.  These statements are admissible for the following reasons.

### (B) THE HEARSAY EXCEPTION: STATE OF MIND OF DECLARANT

These statements by the deceased need not be true, so the "truth of the

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

matter" is irrelevant; they are not, therefore, hearsay.  What is important is the deceased's state of mind; that he felt that he occupied a special position in the locality, that he was somehow protected from suffering consequences of his violent actions, or that he was superior to law enforcement.  These states of mind are probative on the issues of:

> (1) Whether the deceased was the initial aggressor in the incident resulting in his death, as the Defendant will testify that he was;

> (2) Whether the deceased was fearless about violent confrontations and less likely to back down even when warned by a potential victim;

> (3) Whether the deceased was willing to target the Defendant for aggressive violence without fear of consequences;

> (4) Whether the Defendant's belief that he was in danger of imminent serious bodily injury or death was reasonable.

_____The hearsay "exception" under F.R.E. 803(3) is applicable here, even if these statements *were* offered to prove the truth of the matter asserted.  United States v. Sayetsitty, 107 F.3d 1405 (9th Cir. 1997)(statements introduced to show state of mind are not hearsay);  United States v. Pheaster, 544 F.2d 353, 376 (9th Cir.1976)(hearsay evidence is admissible if it bears on the state of mind of the declarant and if that state of mind is an issue in the case; doctrine dates back to 1892 Supreme Court case);  United States v. DeLuna, 763 F.2d 897, 915 (8th Cir. 1985)(boasts of past uncharged criminal behavior admissible, over 404b objection, for its intended effect on listener, to show intent of speaker to engage in charged crime).

## (C) NON-HEARSAY ISSUES: CORROBORATION OF DEFENDANT'S BELIEF AT TIME OF SHOOTING

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

The Defendant, and others, were aware of the deceased's reputation (and specific acts) for being a braggart about his prowess as a fighter, his (at least partial) immunity from the law, and his perceived "untouchable" status on the reservation. Specific instances corroborate the Defendant's understanding and belief on this issue, and are admissible on that basis alone. The prior acts need not be identical in order to be corroborative. United States v. James, 169 F.3d 1210, 1214-15 (9th Cir. 1999)(extrinsic corroborative evidence is admissible when related to defendant's testimony, if not identical thereto); United States v. Dennis, 625 F.2d 782, (8th Cir. 1980).

**(D)  NON-HEARSAY ISSUES:  CORROBORATION OF OTHER DEFENSE- SUPPORTIVE POINTS**

These statements also help corroborate another point which will be made by the defense, that the tribal legal system protected the deceased by not prosecuting him, or treating him leniently. *See* section XIV, above. They also help corroborate defense claim that the failure of the tribal legal system to protect the community from the deceased and his gang forced non-gang citizens into a position where they are more likely to have to resort to self-defense. *Id.*

# XVI – EVIDENCE OF THE DECEASED'S THREATS TO VULNERABLE THIRD PARTIES, TO FURTHER HIS CRIMINAL OBJECTIVES, IS ADMISSIBLE

**(A) RELEVANCE**

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

The deceased commonly employed threats or acts of violence against vulnerable third parties.  He threatened and caused harm to innocent third persons as a disincentive for his victims to go to the police.  He threatened harm to family or friends in order to evoke a response which he would then use as a *casus belli* for his own aggression.  In flight from the police he intentionally caused violent harm to be done to innocent third parties to divert police attention from his pursuit.

All of these acts have in common the threatened victimization of innocent and vulnerable third persons, for whose lives or physical safety the deceased showed absolutely no concern, with the common objective of furthering the criminal objectives of the deceased (i.e., both the commission of criminal acts, and avoidance of arrest).

The evidence of this motive, design and pattern of conduct by the deceased is particularly relevant in this case because, shortly before the shooting, the deceased employed the stratagem of making a threat against a vulnerable third party in order to strike fear into the Defendant, to make him fearful in order to more easily victimize him, and to incite a response – verbal or physical – from the Defendant which the deceased could then use as an excuse to physically attack the Defendant.  Mr. Harvey knew immediately when this process began that the deceased had targeted him for violence, because it was typical bullying behavior for the deceased to start a fight with an insult or threat, all the better if it resulted in the intended victim striking the first blow, as the deceased could then claim he was merely defending himself.

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 57 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

**(B)  REPUTATION EVIDENCE AND CORROBORATIVE USE OF SPECIFIC INSTANCES NOT HERE AT ISSUE**

It is clear that reputation evidence on this issue is admissible, and that specific instances *known to the Defendant* may be testified to, to establish his state of mind. *See* section III; IV, above.  The proffered acts are admissible *even if* the Defendant did not know of them.

**(C)  THIS IS NOT PURE "CHARACTER" OR "PROPENSITY" EVIDENCE**

Such acts are not *character* evidence; each of the specific acts proffered are conscious and intentional acts by the deceased, not mere products of his emotional character. Using specific acts merely to show the character of the deceased and that he acted in conformity therewith is not permissible.  F.R.E. 404(b)(first sentence). However, any *other* use is permissible.  <u>United States v. McCourt</u>, 925 F.2d 1229, 1232-33 (9th Cir. 1991)(where it is not solely offered to show that the person acted in accordance with his prior actions, a specific act is admissible under 404-b).

**(D) MOTIVE, DESIGN AND COURSE OR PATTERN OF CONDUCT ARE PERMISSIBLE GROUNDS FOR SPECIFIC INSTANCE EVIDENCE UNDER F.R.E. 404(b), EVEN IF SPECIFICS OF OFFERED ACTS WERE NOT KNOWN TO DEFENDANT**

Specific instances of the deceased's use of threats against vulnerable third parties are admissible because they demonstrate a motive, design or course of conduct, intended by the deceased to manipulate intended victims, lessen resistence to his violence by striking fear into potential victims, to paralyze intended victims from taking action for fear of harm resulting to these vulnerable third parties, to

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

discourage efforts to catch and prosecute him by creating the risk of serious harm to those third parties, to justify his own aggressive violence, and simply as an excuse to fight.

There is no clear-cut separation between "course of conduct," "pattern of conduct," conduct showing continuing intent, "motive," "design," "plan," etc. in F.R.E. 404(b) or in the caselaw; rather the question is whether the acts are probative of a factual issue *other than* merely to show the deceased acted in conformity with his character.  United States v. McCourt, 925 F.2d 1229, 1232-33 (9th Cir. 1991).

Here, the acts are offered to show a continuing course of conduct in which the deceased consciously utilized the threat of harm to vulnerable third parties as a means of leveraging his own power to frighten, antagonize, and terrorize.

Evidence of these types of prior acts is a well-settled exception under F.R.E. 404(b) to the prohibition of pure "propensity" evidence.  United States v. West, 22 F.3d 586, 595 (5th Cir. 1994);  United States v. Krezdorn, 639 F.2d 1327, 1331 (5th Cir.1981)(prior acts admissible to raise logical inference that actor was engaged in larger, more comprehensive plan to defeat rights of creditors);  United States v. Adcock, 558 F.2d 397, 401 (8th Cir. 1977)(specific acts preceding tax charges by several years admissible to prove course of conduct);  United States v. Audsley, 486 F.2d 289, 290 (5th Cir. 1973)(specific act evidence admissible to prove consistent pattern or scheme of operation).

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

# XVII – CRIMINAL CONVICTIONS OF THE DECEASED ARE ADMISSIBLE UNDER F.R.E. 404(b)

## (A) SPECIFIC INSTANCE EVIDENCE MAY PROPERLY INCLUDE CONVICTIONS

Specific instances of the deceased's conduct are not prohibited by F.R.E. 404(b) to prove the reasonableness of the Defendant's apprehension at the time of the shooting (i.e., state of mind) and may properly include convictions of the deceased known to the Defendant at the time he acted, even if such convictions are not admissible under F.R.E. 609. Government of Virgin Islands v. Carino, 631 F.2d 226, 229 (3rd Cir. 1980)(conviction of victim in self-defense case not admissible to impeach her character for truthfulness, but was admissible to establish reasonableness of defendant's belief he was in danger of imminent injury).

## (B) EXTRINSIC RECORDS OF THESE CONVICTIONS ARE PERMISSIBLE TO CORROBORATE THE DEFENDANT'S TESTIMONY ABOUT PRIOR ACTS AND HIS FEAR OF THE DECEASED, AS WELL AS TO BOLSTER HIS CREDIBILITY

Extrinsic records which relate to specific instances testified to by the Defendant as affecting his state of mind, even if not exactly identical to the testimony, are admissible for corroboration purposes. United States v. James, 169 F.3d 1210, 1214-15 (9th Cir. 1999). Corroboration is itself a separate grounds for admissibility of evidence under F.R.E. 404(b). United States v. Williams, 577 F.2d 188, 192 (2nd Cir. 1978)(rule 404b includes corroboration as grounds for admissibility of specific acts, even though not mentioned specifically in rule); Depetris v.

ROBERT W. REID, LLC
Attorney at Law
208 S.W. First Avenue, Suite 220
Portland, Oregon 97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

Kuykendall, 239 F.3d 1057, 1062-63 (9th Cir. 2001)(erroneous exclusion of critical corroborative defense evidence may violate due process and the right to present a defense).  The Defendant need not have known of, or seen, the extrinsic records at the time he acted.  United States v. James, 169 F.3d 1210, 1214 (9th Cir. 1999).  These issues are fully discussed at section VI, above.

# XVIII – ARRESTS, WITHOUT CONVICTION, ARE ADMISSIBLE UNDER SOME CIRCUMSTANCES

## (A) ADMISSIBLE ON NON-CREDIBILITY ISSUES

An arrest may not be used to challenge the *credibility* of a witness, if it does not result in a conviction.  Michelson v. United States, 335 U.S. 469, 482 (1948). [Later incorporated into F.R.E. 608(b) and F.R.E. 609.]  The *credibility* of the deceased is not a central issue in this case, if it is an issue at all.

## (B) ARRESTS MAY BE PART OF THE CONTEXT OF REPUTATION EVIDENCE

An arrest, however, may serve as part of the basis for one's reputation, even if it is a false arrest.  Michelson, supra, at 482-83.  An arrest may be inquired into to test a witnesses qualifications to testify to reputation.  *Id.*, at 483.

## (C) ARRESTS MAY BE ADMITTED TO BOLSTER CREDIBILITY OF A WITNESS

The use of arrests as specific acts is also permissible to corroborate a witnesses testimony about underlying facts, and to bolster that witnesses credibility on the point.  United States v. Pitts, 6 F.3d 1366, 1370 (9th Cir. 1993)(defendant's arrest for

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

gun charges admissible under 404b to show knowledge of drug trade and use of firearms in connection therewith);  United States v. Batts, 573 F.2d 599 (9th Cir. 1978)(evidence of arrest for drug charge which was later dismissed held admissible in subsequent drug case to show knowledge of drugs);  Government of Virgin Islands v. Carino, 631 F.2d 226, 229 (3rd Cir. 1980)(in homicide case, victim's manslaughter conviction admissible to show defendant reasonably feared he was in danger).

## XIX – SPECIFIC INSTANCES OF CONDUCT TO IMPEACH ON A MATERIAL ISSUE ARE ADMISSIBLE

### (A) INTRODUCTION: 404(b) DOES NOT PROHIBIT THE USE OF SPECIFIC INSTANCE EVIDENCE TO IMPEACH ON A MATERIAL ISSUE

It is not possible, pretrial, to predict with accuracy when impeachment of a witness on a material issue will be deemed necessary.  The use of specific instances of conduct to impeach a witness on a material issue, however, is well settled.

Federal Rule of Evidence 404(b) restricts the use of evidence solely for purposes of demonstrating a criminal proclivity; it does not proscribe the use of other act evidence as an impeachment tool during cross-examination.  United States v. Gay, 967 F.2d 322, 328 (9th Cir. 1992)(in fraud trial, permissible to introduce evidence of injunction against defendant for same type of activities for which defendant was on trial).  Impeachment on a material issue qualifies as a permissible purpose for the introduction of specific acts or crimes even though it is not explicitly listed in F.R.E. 404(b).  Id., at 328.

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Evidence used to impeach a witness on a material issue is exempt from F.R.E. 404(b)'s general rule against character evidence.   <u>Carson v. Polley</u>, 689 F.2d 562, 572 (5th Cir. 1988)(prior officer evaluation report admissible where it contradicted officer's testimony denying misconduct under both 404b and 608b).

## (B)  IMPEACHMENT IS PERMISSIBLE USE OF SPECIFIC ACT EVIDENCE UNDER F.R.E. 608(b)

In the event that the issue arises, it is worth noting that F.R.E. 608(b) -- which is applicable only to character for truthfulness or untruthfulness -- specifically contemplates inquiries into prior behavior in order to challenge a witness's credibility (where the behavior is relevant to the issue).  <u>United States v. Gay</u>, 967 F.2d 322, 328 (9th Cir. 1992).  The use of specific instances of conduct to contradict a witness's testimony on a material issue is permissible under F.R.E. 608(b), and was permissible long before the Federal Rules of Evidence went into effect.  <u>United States v. Opager</u>, 589 F.2d 799, 802 (5th Cir. 1979).  <u>Opager</u> cited to and relied upon the Ninth Circuit case of <u>United States v. Batts</u>, 558 F.2d 513 (9th Cir. 1977)[Rule 608(b) allows introduction of prior cocaine trafficking incident to contradict witness's claim that he had no knowledge of cocaine or its uses].

# XX – DEFENSE MAY PUT ON EVIDENCE OF GOOD CHARACTER; PROPER SCOPE OF GOVERNMENT RESPONSE

In this case, Defendant Harvey will put on evidence of his good character by

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

opinion and reputation.[8]

## (A)  THE DEFENDANT MAY PUT ON EVIDENCE OF HIS GOOD CHARACTER WITHOUT WAITING FOR THE GOVERNMENT TO ATTACK HIS CHARACTER

This is permitted by F.R.E. 404(a)(1).  Even a "general estimate" of character is admissible.  Michelson v. United States, 335 U.S. 469, 476 (1948); United States v. Torbert, 496 F.2d 154, 158 (9th Cir. 1974)(well settled that an accused may present evidence of his good character as relevant, substantive evidence bearing on the probability that he did not commit a particular act, or did so without the requisite knowledge or intent).

## (B)  ONCE THE DEFENDANT OFFERS EVIDENCE OF GOOD CHARACTER, THE GOVERNMENT MAY THEN REBUT IT WITH EVIDENCE OF BAD CHARACTER

The government may not adduce proof of bad character until the Defendant has first put his character in issue.  United States v. Torbert, supra, at 158.

## (C)  THE GOVERNMENT'S PROOF, ONCE CHARACTER IS PUT IN ISSUE BY THE DEFENDANT, IS LIMITED TO REPUTATION OR OPINION EVIDENCE

Government evidence offered to rebut the Defendant's evidence about his own character is limited to that of reputation or opinion, under F.R.E. 405(a), and

---

[8]  There will be other evidence about Mr. Harvey's traditional Native American family, how he was raised, and the traditional path he chose in life, all of which will be offered to tell the jury who Mr. Harvey is, how the traditional way of life differs from the now-rampant "gangster" lifestyle on the reservation, and how that "gangster" lifestyle is antagonistic to traditional practices.  This evidence is essential to the understanding of the Defendant's state of mind at the time of the shooting, and events leading up to it, and is not, per se, character evidence.

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 64 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM

not specific instances of conduct, except upon cross-examination of defense character witnesses.  Perrin v. Anderson, 784 F.2d 1040, 1045 (10ᵗʰ Cir. 1986).

The government may *n o t* introduce specific instances of conduct to show the Defendant's character under the theory of F.R.E. 405(a)(2), which allows proof of character by specific instances of conduct "in cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." Examples of where character is in issue are when a statute specifies that the victims's chastity is an element of the crime of seduction, or where the defense to defamation is truth.  United States v. Keiser, 57 F.3d 847, 855-856 (9ᵗʰ Cir. 1995)(and holding, at 857, that character is not an element of self defense).  [The defense makes *n o* claim -- nor does the law support such a claim -- that character is an essential element of self-defense.]

**(D)  THE GOVERNMENT MAY NOT UTILIZE "GUILT-ASSUMING" QUESTIONS IN CROSS-EXAMINATION OF DEFENSE WITNESSES**

For the first time in the Ninth Circuit, United States v. Shwayder, 312 F.3d 1109 (9th Cir. 2002) addressed the propriety of hypothetical questions, upon government cross examination of character witnesses, which presumed the guilt of the Defendant.  The court held that such questions elicit little or no probative evidence, contravene the presumption of innocence, and violate due process.  *Id.*, at 1120-21.  The Defendant objects to such questions in this case upon those same grounds.  *See also:*  United States v. Laurienti, 611 F.3d 530, 549 (9ᵗʰ Cir. 2010).

* * * * * * * * * *

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

RESPECTFULLY SUBMITTED this 15th day of August, 2011.

**/s/ Robert Reid**

Robert Reid (OSB #81434)
Attorney for Defendant Windy N. Harvey
OSB #81434

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 66 –  DEFENDANT HARVEY'S TRIAL MEMORANDUM