Robert W. Reid, LLC
OSB # 81434
breid@ipns.com
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
tel: (503) 223-7786
fax: (503) 227-2477

Lynne B. Morgan
OSB # 89099
lbmorgan@worldnet.att.net
121 SW Salmon St. Ste. 1420
Portland, Oregon 97204
tel: (503) 222-0568
fax: (503) 222-6303

Attorneys For Defendant WINDY N. HARVEY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WINDY N. HARVEY,<br><br>Defendant. | No. CR 08-405 KI<br><br>**MOTION *IN LIMINE*<br>TO REQUIRE REFERENCES TO<br>DECEASED TO BE CONSISTENT<br>WITH PRESUMPTION OF INNOCENCE** |

COMES NOW Defendant Windy N. Harvey, through the undersigned attorney, and hereby moves *in limine* to require the government to refer to Warren Wallulatum, Jr. throughout the trial (with the exception of closing argument) by

Page 1 -  MOTION *IN LIMINE* TO REQUIRE REFERENCES TO DECEASED BY GOVERNMENT TO BE CONSISTENT WITH PRESUMPTION OF INNOCENCE

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

something other than "victim" or any other such term which implicitly presumes that the defendant is guilty.

The defendant also moves that the Court, at all times, refrain from referring to the deceased as the "victim," e.g. in jury instructions, but that it instead use a neutral term, for example "the deceased."

## (1) BASIS FOR MOTION

The term "victim," in daily conversation, may properly be used to refer to someone who is killed by gunshots. But in a criminal trial setting, where self defense has been raised, the word becomes freighted with a heavier meaning, especially when the defendant, by raising self defense, effectively claims "I was the victim, or intended victim, of the deceased." Ultimately, the trial is about whether the government can prove that Warren Wallulatum, Jr., not defendant Windy Harvey, was the *victim*.

The defendant is presumed innocent. Reference to the deceased by the term "victim" or similar epithets is contrary to the presumption of innocence and presumes facts which must be proven by the government beyond a reasonable doubt. In re Winship, 397 U.S. 358 (1970). It is therefore only proper that both parties refer to Warren Wallulatum, Jr. by his name, as "the deceased" or a similar term.

## (2) REFERENCE BY GOVERNMENT OR COURT TO DECEASED AS "VICTIM" IS IMPROPER VOUCHING FOR GOVERNMENT'S CASE

Prosecutors are agents of the sovereign, and are obligated to provide a fair trial, with a duty to refrain from improper methods calculated to produce a wrongful conviction. Berger v. United States, 295 U.S. 78, 88 (1934). The government should be free to argue, at the end of the case, that Warren Wallulatum, Jr. was the "victim"

Page 2 - MOTION *IN LIMINE* TO REQUIRE REFERENCES TO DECEASED BY GOVERNMENT TO BE CONSISTENT WITH PRESUMPTION OF INNOCENCE

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, Suite 220
Portland, Oregon 97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

of the defendant's acts. Prior to that, however, utilizing the term "victim" in questions or by allowing government witnesses to use that term, presumes that the determination of guilt has *already* been made, prior to trial, by the prosecution and its witnesses.

This is vouching: the implicit suggestion that the government has the means to determine the primary factual issue of the case outside of the jury process. The term "victim," used in questions and witness answers can have the effect of the government providing its own opinion on the issue which is for the jury alone to decide. United States v. Hermanek, 289 F.3d 1076, 1100-01 (9th Cir. 2002). It can convey an "unspoken message" that the prosecutor and witnesses have inside knowledge of the truth. United States v. Simtob, 901 F.2d 799, 806 (9th Cir. 1990). One of the reasons vouching is impermissible is the danger that the jury may yield their judgment to the judgment of the prosecution, United States v. McKoy, 771 F.2d 1207, 1211 (9th Cir. 1985), which judgment is conveyed by the use in questions, answers and other non-argument statements by prosecutors.

Improper vouching may be done during questioning, United States v. Combs, 379 F.3d 564, 574 (9th Cir. 2004). It may be elicited by testimony, at which time its prejudice is greatly increased. United States v. McKoy, supra, at 1211.

Moreover, it is the defendant's position that the Court should not refer to the "victim" in jury instructions, or comments made in front of the jury; this implicitly suggests that the Court is in agreement with the government's view of the case. The suggestion that the Court is supportive of the government's case is one of the more egregious forms of vouching. United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir.

Page 3 -  MOTION *IN LIMINE* TO REQUIRE REFERENCES TO DECEASED BY GOVERNMENT TO BE CONSISTENT WITH PRESUMPTION OF INNOCENCE

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

1992).  Ultimately, however, any form of vouching, by the Court or by the government, undermines the defendant's constitutional rights to a fair trial and due process.

### (3)  CRIME VICTIMS RIGHTS ACT PROVIDES NO CONTRARY AUTHORITY

The Crime Victims Rights Act, Title 18 U.S.C. §3771, provides no authority to the contrary.  Being a statutory enactment, it neither alters nor abridges any constitutional rights of the defendant.

* * * * * * * * * *

RESPECTFULLY SUBMITTED this 15th day of August, 2011.

/s/ Robert Reid

---
Robert Reid (OSB #81434)
Attorney for Defendant Windy N. Harvey
OSB #81434

Page 4 -  MOTION *IN LIMINE* TO REQUIRE REFERENCES TO DECEASED BY GOVERNMENT TO BE CONSISTENT WITH PRESUMPTION OF INNOCENCE

*ROBERT W. REID, LLC*
*Attorney at Law*
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477