Robert W. Reid, LLC
OSB # 81434
breid@ipns.com
208 S.W. First Avenue, Suite 220
Portland, Oregon 97204
tel: (503) 223-7786
fax: (503) 227-2477

Lynne B. Morgan
OSB # 89099
lbmorgan@worldnet.att.net
121 SW Salmon St. Ste. 1420
Portland, Oregon 97204
tel: (503) 222-0568
fax: (503) 222-6303

Attorneys For Defendant WINDY N. HARVEY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-405 KI |
| Plaintiff, | |
| vs. | **DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED** |
| WINDY N. HARVEY, | |
| Defendant. | |

COMES NOW Defendant Windy N. Harvey, through the undersigned attorney, and responds to *Government's Motion In Limine To Exclude Irrelevant And Unfairly Prejudicial Evidence Of Victim's Prior "Bad" Acts.*

## (1) INTRODUCTION

Anticipating the government's objections, the defense prepared a thorough

Page 1 — DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

compendium of law pertaining to the issues in this case and the proper scope of character evidence, reputation and opinion evidence, extrinsic evidence and the use of FRE 404(b)(to prove factually relevant *non-character* issues). *See: Defendant Harvey's Trial Memorandum.*

The government's *Motion To Exclude* virtually ignores the many *non-character* issues in this case to which FRE 404(b) applies. The case law on FRE 404(b), it should be noted, is the result of four decades of successful appellate argument nearly always by the prosecution to allow the introduction of specific acts against defendants, as long as the acts are not offered *solely* to prove that one acted in conformity with one's character. *See: Defendant Harvey's Trial Memorandum*, sections VIII - XIX. That 404(b) is utilized by the defense, in compliance with that body of case law, is not a valid complaint by the prosecution.

The defense will offer only prior acts which are *factually relevant* to issues in this case. The deceased's involvement with methamphetamine, his gang activities, and possession of weapons, for example, are all such issues which are tied in with violence, but which may not be violent themselves. Further, there may be other issues which become relevant during trial.

Further, the defense has *already* eliminated many specific acts of the deceased for one reason or another (including his participation in a forcible rape, and at least one knife attack). Still, there will be much prior act evidence: the deceased was one of the most gratuitously brutal gangsters at Warm Springs in recent years, and he victimized a great many people for doing nothing more than being in his presence. These facts should not be concealed from the jury merely because the government finds them an impediment to their case and chooses to label them "irrelevant" or

Page 2 — DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

"prejudicial."

## (2) IRRELEVANT EVIDENCE

The defense will not offer irrelevant evidence. Relevance is not determined by what is important to the prosecution's case, it is determined by Federal Rule of Evidence (F.R.E.) 401, which says that relevance "means evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Emp. added.] Not every act must be completely probative of the issue for which it is offered; it need only be a "brick," not the entire wall. United States v. Sloan, 65 F.3d 152, 154 (10th Cir. 1995).

## (3) UNFAIRLY PREJUDICIAL EVIDENCE

There is no basis for exclusion of prior act evidence because it is "unfairly prejudicial." F.R.E. 403 allows exclusion only for "unfair" prejudice, not just prejudice. United States v. Taken Alive, 262 F.3d 711, 714-15 (8th Cir. 2001). Presenting the details of who the deceased was in the lives of the defendant and the Warm Springs community will in fact present a prejudicial picture, but it will not be an unfair or inaccurate one.

## (4) EXCLUSION FOR PREJUDICE SHOULD BE A RARELY USED REMEDY; CONSTITUTIONAL CONSIDERATIONS

Exclusion of specific act evidence is an "extraordinary remedy" which should be used sparingly, because it results in the exclusion of relevant evidence. United States v. Mende, 43 F.3d 1298, 1302 (9th Cir. 1995). Nor will the evidence "mislead the jury" or "confuse the issues," as the government states. The very opposite is true; only by excluding this evidence will the jury be mislead or the issues confused.

Page 3 — DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, Suite 220
Portland, Oregon 97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

Finally, F.R.E. 403 is a *statutory* rule. The defense has overriding constitutional rights to present his defense. Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 324 (2006). This right includes, "at a minimum, ... the right to put before a jury evidence that might influence the determination of guilt." Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987).

### (5)  EXCLUSION DISFAVORED WHERE EVIDENCE IMPACTS NEITHER DEFENDANT NOR WITNESS

The usual basis to find "unfair prejudice" in the admission of prior acts under F.R.E. 404(b) lies in the impact it has on the defendant's constitutional trial rights, his right not to have to defend against uncharged acts, or an unduly negative impact on witness credibility. But --

> "When a character trait of the victim of a crime is relevant, there is no substantial reason against evidencing the character by particular instances of the victim's conduct. Such instances may be very significant; their number can be controlled by the trial court's discretion; and the prohibitory considerations applicable to an accused's character have here little or no force..."

*Wigmore on Evidence* (1983; 1991 update), §63.1, p. 1382.

### (6)  EXCLUSION IS IMPROPER FOR EVIDENCE AS TO THE DEFENDANT'S STATE OF MIND

Evidence of the deceased's violence or other relevant trait -- even specific instances of conduct -- are admissible to show the reasonableness of the defendant's belief that the deceased was about to inflict serious bodily injury or death upon the defendant at the time of the shooting. Directly contrary to the government's

Page 4 — DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

arguments on this issue is United States v. James, 169 F.3d 1210 (9th Cir. 1999), wherein the court held that it was an abuse of discretion to exclude evidence under the F.R.E. 403 balancing test, where the evidence was offered to prove the defendant's state of mind and to bolster her credibility:

> "The records would not have painted [deceased] darker than he already must have appeared. The records went to [defendant's] credibility not [deceased's] character." Id., at 1215.

### (7) EXCLUSION IS IMPROPER FOR EVIDENCE CORROBORATING THE DEFENDANT

Exclusion of evidence which corroborates the defendant's testimony, thereby bolstering credibility, risks violating the defendant's due process right and right to present a complete defense under the Fifth and Sixth amendments. Depetris v. Kuykendall, 239 F.3d 1057, 1063-63 (9th Cir. 2001)(reversible error to exclude prior acts of deceased which defendant claimed informed her state of mind in acting in self defense). And in United States v. James, supra at 1214-15, the court determined it to be an abuse of discretion to exclude evidence probative of the defendant's credibility.

### (8) BIAS EVIDENCE

Many of these acts will be relevant to witness bias in that they show, *inter alia*, that witnesses were afraid to say anything to the police which revealed initial aggression by the deceased, and that they continue to fear saying anything which helps the defense due to fear of retaliation by the deceased's gang associates and family members. These issues are addressed in the defendant's trial memorandum in more depth, at IX (D); XIII (D), (E).

Bias evidence is always relevant. United States v. Abel, 469 U.S. 45, 52 (1984). It has constitutional dimension. Davis v. Alaska 415 U.S. 308 (1974)(confrontation

Page 5 — DEFENDANT HARVEY'S RESPONSE TO
GOVERNMENT'S MOTION IN LIMINE TO
EXCLUDE PRIOR ACTS OF DECEASED

ROBERT W. REID, LLC
Attorney at Law
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

right); California v. Trombetta, 467 U.S. 479 (1984)(right to present complete defense). F.R.E. 403 is one of the methods by which the trial court may limit cross-examination, but it should not be used to exclude evidence of bias. United States v. Harris, 501 F.2d 1, 8 (9th Cir. 1974). And bias evidence is not prohibited by F.R.E. 404(b). United States v. Noti, 731 F.2d 610 (9th Cir. 1984).

### (9)  THE GOVERNMENT IS INCORRECT THAT THE DEFENSE CANNOT OFFER EXTRINSIC EVIDENCE IF THE GOVERNMENT AGREES THAT THE ACTS OCCURRED

The government argues that after the defendant testifies about his knowledge of specific prior violent acts of the "victim," if the government concedes that such prior violent acts were actually committed by the victim, then the defense should be prevented from introducing any extrinsic evidence of those prior acts. [Govt. motion, pgs. 2-3]

This is not correct. The *en banc* court in United States v. James, 169 F.3d 1210 (9th Cir. 1999) held it to be reversible error to exclude extrinsic evidence probative of issues *other than* the fact that the events occurred.

First, the extrinsic evidence corroborated the defendant's testimony that she heard of these prior acts; and second, it corroborated her testimony that she had feared the deceased at the time of the homicide. *Id.*, at 1214. The court also recognized a third purpose of extrinsic evidence, that being the bolstering of the defendant's credibility as to the specific acts and state of mind. *Id.*, at 1215. The government's bare concession that the acts occurred does not provide a substitute to proof on these issues.

But the government goes on to argue a remarkably problematic point –

"Therefore, if the government concedes that the victim

Page 6 — DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

actually committed the prior violent acts that the defendant testifies he was aware of at the time of the homicide, *defendant's state of mind on this point will not be challenged* and extrinsic evidence on the point would be irrelevant."

[Government's motion, p. 5; emp. added.]

In essence, the prosecution invites the Court to treat its concession that the prior acts occurred as a stipulation that the defendant's state of mind is no longer in issue, then to exclude evidence on that point as irrelevant. It suggests "the defendant's state of mind on this point will not be challenged." But such a concession is of no value; extrinsic evidence of prior acts is not offered to prove *that they occurred:* it is offered to bolster the defendant's statement of mind, and credibility, as in James.

The only stipulation or concession which would take the defendant's state of mind out of contention would be that *Mr. Harvey reasonably believed he was in imminent danger of serious bodily injury or death at the hands of the deceased at the time of the shooting.* The prosecution will not so stipulate, so state of mind is still in issue, and extrinsic evidence is relevant and admissible on the point. *See:* Section V, *Defendant Harvey's Trial Memorandum.*

## (10) THE GOVERNMENT'S PROPOSED "CONCESSION" THAT THE PRIOR ACTS OCCURRED IS NEITHER A STIPULATION TO, NOR PROOF OF, ANY FACT

The government's offer to concede certain facts -- even if it amounted to a stipulation to those facts -- is not proof, and has no place in a FRE 403 balancing process, even if such a balancing process *were* permissible in this instance. United States v. Breitkreutz, 8 F.3d 688, 691-92 (under Ninth Circuit law, a stipulation is not proof and thus has no place in the FRE 403 balancing process).

Page 7 — DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

## (11) THE GOVERNMENT CANNOT FORCE A STIPULATION UPON THE DEFENSE

The government cannot force an issue into irrelevance by agreeing that the prior acts happened, or even by stipulation to that effect. It is a "familiar, standard rule" that the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it. Old Chief v. United States, 519 U.S. 172, 186-187 (1997). "To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight." Id. at 187 (cit. omit.). This analysis applies equally to the defense case: "we should not have one rule for the prosecution and another rule for the defense." James, supra, at 1214.

## (12) CONCLUSION

The government's motion to exclude evidence pretrial should be denied in its entirety. The defendant's rights to a fair trial, along with a vast body of caselaw on FRE 404(b), supports denial.

*******************

RESPECTFULLY SUBMITTED this 17th day of August, 2011.

**/s/ Robert Reid {intended as original signature on electronic filing}**

_____
Robert Reid (OSB #81434)
Attorney for Defendant Harvey

Page 8 — DEFENDANT HARVEY'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE PRIOR ACTS OF DECEASED

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, Suite 220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*